MINERVA J. BEAVER, as Executrix, Respondent, *v.* CHARLES C. BEAVER et al., as Administrators, etc., Appellants.

In an action to determine the conflicting claims of the parties to a deposit in a savings bank, these facts appeared: In 1866 J., defendants' intestate, made the deposit in question of his own money; it was credited to his son A., plaintiff's testator. J. signed in his own name the request to the bank to receive the deposit; he received the pass book, in which were printed the rules of the bank; these provided that drafts may be made personally or by written order of the depositor, if the bank have his signature, but that no person shall have the right to demand any portion of the deposits without producing the pass book, and that all payments to persons presenting it shall be valid. A. was at the time a minor, living with his father. J. retained possession of the pass book until his death, in 1888; in 1867 he drew out a portion of the deposit. It did not appear that A. ever knew of this deposit. In 1876 he executed to his father a receipt "in full of all debts, dues and demands." In 1870 A. opened an account of his own in the same savings bank, which he drew out in 1886, a few days before his death. On the day of A.'s death, J. stated that he started his son in life "and gave him $1,000, put it in the bank for him," and told him to let it be there. The trial court found that J. deposited the moneys with the purpose and intent that they should thereafter be and remain the property of A., and with intent to pass the title thereto to him. *Held*, that the evidence and findings failed to establish a completed gift, as the intent to give was not sufficient, and the evidence not only failed to show that the intent was consummated, but showed no subsequent intent on the part of J. to perfect the gift; also that it did not warrant the inference of a trust.

Reported on a former appeal, 117 N. Y. 421.

*Beaver* v. *Beaver* (62 Hun, 194), reversed.

(Argued December 22, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 30, 1891, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial at Circuit without a jury, and granted a new trial.

This action was brought by plaintiff as executrix of the will of Asiel G. Beaver, deceased, against the Ulster County Savings Institution to recover the amount of a deposit and the accrued interest.

The present defendants, administrators of John O. Beaver, deceased, were substituted as defendants.

The facts, so far as material, are stated in the opinion.

*A. T. Clearwater* for appellants. The deposit made was not a gift within the requirements of law. (*Beaver* v. *Beaver*, 117 N. Y. 421; *Young* v. *Young*, 80 id. 422, 438; *Jackson* v. *T. T. S. R. Co.*, 88 id. 520; *In re Crawford*, 113 id. 560; 1 Pars. on Cont. 234, 235.) In the present case there was neither delivery nor acceptance. (*Eastman* v. *W. S. Bank*, 136 Mass. 208; *Orr* v. *McGregor*, 43 Hun, 530; *Appelby* v. *E. S. Bank*, 62 N. Y. 12; *Robinson* v. *Ring*, 72 Me. 140; *Nutt* v. *Morse*, 142 id. 1; *Pope* v. *B. S. Bank*, 56 Vt. 284; *Walker* v. *Walsh*, 11 N. E. Rep. 727; *Bennett* v. *Cook*, 28 S. C. 353; *Scott* v. *B. S. Bank*, 140 Mass. 157; *Beaver* v. *Beaver*, 117 N. Y. 421.) The foregoing rules are not relaxed where the donor and donee occupy the relation of father and son, living together, and the son a minor. (*Grangiac* v. *Arden*, 10 Johns. 293; *Jones* v. *Lock*, 35 N. J. Ch. 117; *Meigs* v. *Meigs*, 15 Hun, 453, 458; *In re Crawford*, 113 N. Y. 560; *Beaver* v. *Beaver*, 117 id. 431.) The deposit did not create a trust in the father for the benefit of the son. (*Beaver* v. *Beaver*, 117 N. Y. 431; *Martin* v. *Funk*, 75 id. 142; *Richards* v. *Delbridge*, L. R. [18 Eq. Cas.] 11; *Mabie* v. *Bailey*, 95 N. Y. 210.) The testimony of Sarah E. Beaver, widow of the intestate, and of Alice Idele Beaver, his daughter, was properly admitted, and was not within the inhibition of section 829 of the Code of Civil Procedure. (*In*

*re Wilson*, 103 N. Y. 374; *Loder* v. *Whelpley*, 111 id. 239;
*Vasseur* v. *Livingston*, 4 Duer, 285; *Doyle* v. *Daniels*, 2
Smith, 385, 387, 396; *Nelson* v. *Smith*, 3 Abb. Pr. 117; 1
Greenl. on Ev. § 426; *Talman* v. *Dutcher*, 7 Wend. 180;
*Doty* v. *Wilson*, 14 Johns. 378; *Clark* v. *Carter*, 4 Moore,
207; *Holcomb* v. *Campbell*, 118 N. Y. 46; *Hildebrandt* v.
*Crawford*, 65 id. 107; *Nay* v. *Curley*, 113 id. 575; *Wads-
worth* v. *Hermance*, 85 id. 639.) The objections to the admis-
sion of testimony and exceptions to the finding of the learned
judge at the Circuit are trivial. (Code Civ. Pro. § 1003;
*Church* v. *Kidd*, 3 Hun, 254.)

*F. L. Westbrook* for respondent. The findings of fact
made by the trial court, and the facts proved on which such
findings are based, clearly establish a completed, perfected
gift of the moneys in question by John O. Beaver to Asiel G.
Beaver. (*Grangica* v. *Arden*, 10 Johns. 293; *Doty* v. *Wilson*,
47 N. Y. 580; *Gardner* v. *Merritt*, 32 Md. 78; *Whiting* v.
*Barrett*, 7 Lans. 106; *Bank* v. *Hatton*, 1 N. & McC. 225;
*Porter* v. *Gardner*, 15 N. Y. Supp. 398, 399; *Sourwine* v.
*Claypool*, 138 Penn. St. 126; *Trowell* v. *Carraway*, 10
Heisk. 104; *Gaffney* v. *Bank*, 4 Dem. 223; *Buck* v. *Hen-
derson*, 4 Cent. Rep. 697; *Dean* v. *Dean*, 43 Vt. 337; *Burney*
v. *Ball*, 24 Ga. 505; *Harris* v. *Hopkins*, 43 Mich. 272;
*Blasdel* v. *Locke*, 52 N. H. 238; *Smith* v. *S. Bank*, 64 id.
228; *Howard* v. *S. Bank*, 40 Vt. 597; *Robinson* v. *Ring*,
72 Me. 140; *Minor* v. *Rogers*, 40 Conn. 513; *Kerrigan* v.
*Rantigan*, 43 id. 17; *Burton* v. *B. Bank*, 52 Conn. 398.)
The delivery of the subject of the alleged gift, the money
deposited, is fully proved, and it was error to refuse to find
that there was an executed gift by John O. Beaver to Asiel
G. Beaver of the money deposited by said John O. Beaver in
the Ulster County Savings Institution to the credit of John
O. Beaver, and to find and hold as a conclusion of law: "That
the deposit made by John O. Beaver under the circumstances
found in the foregoing statement did not constitute a gift of
the money to the son." (*Hunter* v. *Hunter*, 19 Barb. 683;

*Grymes* v. *Hone*, 49 N. Y. 22; *Taylor* v. *Kelly*, 5 Hun, 115; *Hill* v. *Stevenson*, 63 Maine, 364; *Church* v. *Gilman*, 15 Wend. 656; *Hedge* v. *Drew*, 12 Pick. 141; *Foster* v. *Mansfield*, 3 Met. 412–415; *Hathaway* v. *Payne*, 34 N. Y. 105–107; *Gray* v. *Barton*, 55 id. 72; *Ross* v. *Draper*, 55 Vt. 404; *Hildebrant* v. *Brewer*, 6 Tex. 45; *Pink* v. *Church*, 128 N. Y. 634.) It was quite immaterial whether the plaintiff or her testator had knowledge of the deposit in her favor or not; such deposit was an executed trust depending on no act of the plaintiff to make it valid or available to her. (*Scott* v. *Harbeck*, 49 Hun, 293; *Orr* v. *McGregor*, 43 id. 532; *Tucker* v. *Bradley*, 33 Vt. 325; *Martin* v. *Funk*, 75 N. Y. 137.) An acceptance is to be presumed from the beneficial character of the gift or transfer, and non-acceptance can only be shown by some formal act which operates as a refusal. (*Stebbins* v. *Lathrop*, 4 Pick. 42; *Townsend* v. *Tickell*, 3 B. & A. 31; *Howard* v. *Bank*, 40 Vt. 597; *Blasdel* v. *Locke*, 52 N. H. 238; *Hunter* v. *Hunter*, 19 Barb. 631.) The fact of a completed gift having been made is on very slight evidence presumed to have been made from the relationship of the parties. (*Ridgway* v. *English*, 22 N. J. L. 409; *Hepworth* v. *Hepworth*, L. R. [11 Eq.] 10; *Rhodes* v. *Childs*, 64 Penn. St. 18.) Retention of the bank book by the depositor for a number of years must be regarded as showing that she kept it as trustee and in no other capacity. (*Willis* v. *Smyth*, 91 N. Y. 301; *Mabie* v. *Bailey*, 95 id. 206; *Martin* v. *Funk*, 75 id. 134; *Howard* v. *S. Bank*, 40 Vt. 599; *Gardner* v. *Merritt*, 32 Md. 78; *Smith* v. *Bank*, 64 N. H. 228, 400; *Blasdel* v. *Locke*, 52 id. 238; *Kerrigan* v. *Rautigan*, 43 Conn. 17; *Davis* v. *Ney*, 125 Mass. 590.) The conclusion of law that the deposit by the father of the money, and the retention of the bank book, did not create a trust in the father for the son is error. (*Fisher* v. *Fields*, 10 Johns. 496; *Gilman* v. *McArdle*, 99 N. Y. 451; *Chapman* v. *Porter*, 69 id. 279; *Smith* v. *Lee*, 2 T. & C. 592; *Martin* v. *Funk*, 75 N. Y. 141; Code Civ. Pro. § 449; *Day* v. *Roth*, 18 N. Y. 448; *Milbank* v. *Jones*, 127 id. 374; *Fowler* v. *S. Bank*, 113 id. 450;

*Grymes* v. *Hone*, 49 id. 22 ; *Mabie* v. *Bailey*, 95 id. 206 ; *Gardner* v. *Merritt*, 32 Md. 78.)   The admission of the testimony of Sarah E. Beaver and Idele Beaver was erroneous, and for that alone the judgment should have been reversed by the General Term.   (Code Civ. Pro. § 829 ; *Holcomb* v. *Holcomb*, 95 N. Y. 324 ; *Mason* v. *Prendergast*, 120 id. 536 ; *Howell* v. *Taylor*, 11 Hun, 214 ; *In re Smith*, 95 N. Y. 526 ; *Mattoon* v. *Young*, 45 id. 696, 700 ; *Smith* v. *Cross*, 90 id. 549, 556 ; *Lyon* v. *Snyder*, 61 Barb. 172, 179 ; *Richardson* v. *Warner*, 13 Hun, 13 ; *Redfield* v. *Redfield*, 110 N. Y. 674 ; *Clift* v. *Moses*, 112 id. 437 ; *Foote* v. *Beecher*, 78 id. 157 ; *Kain* v. *Larkin*, 131 id. 312, 313 ; *Haughey* v. *Wright*, 12 Hun, 179 ; *Sweet* v. *Low*, 28 id. 433 ; *Viall* v. *Leavens*, 39 id. 293 ; *Doolittle* v. *Stone*, 28 N. Y. 319, 323 ; *Maverick* v. *Marvel*, 90 id. 656 ; *Pease* v. *Barnett*, 30 Hun, 525 ; *Stuart* v. *Patterson*, 37 id. 113, 119 ; *Sweet* v. *Eddy*, 28 id. 432 ; *Howard* v. *Manwarsing*, 3 N. Y. 454, 456.)   It was error to admit in evidence the bank books of John O. Beaver, Jr., and of Peter Beaver.   (*Duryea* v. *Vosburgh*, 121 N. Y. 67 ; *Bragne* v. *Lord*, 67 id. 495.)   If there were on the record before the Supreme Court any ground upon which it was justified in granting a new trial this court must affirm the order and direct judgment for the plaintiff for the relief demanded in the complaint.   (*Mackay* v. *Lewis*, 73 N. Y. 383.)

GRAY, J.   When this case was here before, it received a very careful consideration and the opinion, which was delivered by Judge ANDREWS, very fully reviewed the question of the respective rights of the parties to the savings bank deposits, with the light thrown upon it by the record.   (See case reported 117 N. Y. 421.)

It is not necessary that there should be any full statement here of the facts ; which by reference to our former decision will fully appear.   The defendants' intestate, John O. Beaver, deposited certain moneys belonging to him in a savings bank, which were credited upon its books to his son, Aziel Beaver. This was in 1866, when the son was seventeen years of age.

His father retained possession of the pass-book at all times, until his death in 1888, twenty-two years after the deposit. The son was, at the time of the deposit, living with his father and he, in 1870, opened an account of his own in the same bank; having meanwhile married and settled upon his own farm, in the neighborhood of his father's. He predeceased his father by two years; leaving him surviving a widow, but no child. The deposit of $170, with which he had opened his own account in the savings bank in 1870, had grown to be $1,818.56 when, a few months before his death, in 1886, he drew it all out. By his will he left everything to his wife; but she does not appear to have done anything about obtaining the deposit in question, which John O. Beaver had made, until after his death; which occurred two years after her husband's, when she made a demand upon the bank. We previously held, reversing a judgment which she had recovered, that there was not only a failure to prove an intent on the part of the father to make a gift; but that the case was defective as to there being any delivery, actual or constructive; two essential things to be established to constitute a perfect gift. As the case then stood, the only evidence relied upon to establish an intent to make a gift was the transaction at the bank, on the day of making the deposit, in connection with the relationship of the parties. This was deemed insufficient evidence for the purpose, and subsequent acts of the father negatived the inference of any such intent. Upon this last trial certain new evidence was adduced, in the testimony of the plaintiff's father, as to a conversation between him and John O. Beaver upon the day of the death of his son Aziel; to the effect of his preference for Aziel and of his having helped him, and of having loaned him moneys. He is said to have remarked upon that occasion to the witness, in reference to his son: "I started him in life and gave him $1,000, put it in the bank for him, and told him that I wanted he should let it be there, and if he got short of money at any time to come to me." The other new evidence is unimportant and need not be commented upon. The evidence apparently satisfied the trial judge, and he

inferred and found the intent of Aziel's father to deposit the moneys " with the purpose and with the intent that such moneys should thereafter be and remain the property of Aziel Beaver." Whatever our own ideas about the new evidence, as we cannot say that this finding was without any evidence to support it, we must accept it, as also the other finding that the delivery of the moneys to the bank was " with intent to pass the title thereto to Aziel." The trial judge, however, refused to find as matter of law that there was an executed and completed gift, and, therefore, dismissed the complaint. Two of the justices of the General Term have concurred in reversing the trial court; considering, under all the circumstances, in the relationship of the parties, in the minority of the son, and in the intent with which the deposit was made, that the transaction was practically the same as though the moneys had been deposited in the name of the donor in trust for the donee; in which case notice, or delivery, would be unnecessary to validate the transaction as a gift to the *cestui que trust.* The opinion of the General Term did not appreciate the force of the opinion of this court upon the former appeal; when the theory of a possible trust was considered and denied, because there was neither an explicit declaration of trust, nor the presence of circumstances to show beyond a reasonable doubt that a trust was intended to be created. The new evidence and the findings based upon it do not alter the legal situation, nor warrant the inference of a trust. The finding of an intent to give is inconsistent with the theory of a trust. The new evidence proved, only, that the father had taken an ostensible step toward making a gift of moneys to his son; but though an essential step, the transaction not only remained incomplete, but all that subsequently occurred negatived the theory of any consummation of the gift and precludes our supposing that the father, in subsequent years, considered the moneys on deposit to be his son's. The facts which Judge ANDREWS refers to upon the question of delivery, such as the retention of the possession of the pass book, the effect of the bank's rules in vesting

the father with the exclusive dominion over the account and
with the exclusive right to draw upon it as long as he retained
the pass book, and the lack of the son's signature, in connec-
tion with the bank's rules governing its relations with the
depositor, made the situation such as never to have placed
Aziel in a situation to control the account and always
to leave his father with full authority over it, which he
seems to have exercised in several ways. The father
not only never did an act equivalent to a delivery; but
the circumstances evidence no subsequent intention on his part
to perfect his gift. It is very significant that the son lived to
be thirty-seven years of age and died, without ever receiving
the moneys, or ever having had the bank book; that, in the
meantime, he opened an account of his own in the same bank,
which he from time to time swelled by deposits and which he
closed up shortly before his death; that some ten years after the
making by his father of the deposit in question, the son gave
to his father a writing signed by himself and acknowledging
that he had "received of John O. Beaver (his father) $200,
being in full of all dues, debts and demands to date;" and
that the son's widow should have done nothing towards recov-
ering the money for two years after her husband's death, nor
until the father had died. I may add that I do not think the
evidence at all sufficient to show that the son ever knew of the
deposit in his name. The inference is irresistible that neither
she nor he ever knew of this deposit. It is inconceivable that
the father, assuming the fact found as to his original intention,
continued in the same mind. In *The Matter of Crawford*
(113 N. Y. 560), the pass book was delivered to Mrs. Craw-
ford, the donee, and the moneys deposited to her credit came
fully and legally into her possession and control. But as the
bonds, which she also claimed to have been given to her, were
always retained by the intending donor, though they had been
purchased with the undoubted intention of giving them to
Mrs. Crawford and had been actually registered in her name,
we held that there had never been a completion of the gift as
to them. In the *Crawford* case, *Martin* v. *Funk* (75 N. Y.

134), was considered in its bearing upon the question; and we held that the principle of the decision of that and kindred cases did not apply; inasmuch as there was neither any declaration of a trust, nor anything to characterize the transaction as a trust.

As the present case stood, upon the findings and the evidence, only the intention to make a gift was proved. That was an element in the transaction, which, however satisfactorily established, was rendered of no effect by a failure of any proof of delivery to, or of acceptance by, the intended donee. There was not a fact to support a conclusion of the creation of a trust, nor a fact to show the existence of a mutual disposition of the minds of the parties at any time in relation to the matter, from which the idea of a gift, perfected by some act of delivery or of acceptance, could be formed.

The trial judge, in refusing to decide that there had been an executed gift, reached the only conclusion warranted by a rational view of the evidence, and the General Term has erred in holding that the evidence justified a different conclusion. Unless, therefore, there was some error committed upon the trial, by which the plaintiff was prejudiced, the order of the General Term, reversing the judgment for the defendant and ordering a new trial, must be reversed. The only error assigned, which I think requires any consideration, related to the admission of the testimony of Sarah Beaver, the widow of John, the defendant's intestate, and of Alice Beaver, his daughter.

The testimony related to the retention by John O. Beaver of the pass book during his lifetime, and to Aziel's financial circumstances, and to his borrowing money of his father. The objection was that the testimony was inadmissible under section 829 of the Code of Civil Procedure.

It is a sufficient answer to the question of error, however, that the plaintiff could not be prejudiced by the admission of evidence on the part of the defense, which was unnecessary for the defense. The burden of proof was upon the plaintiff to show the presence in the transaction of every element to

constitute the perfect gift, and having, at most, proved the intention to give, her case was already defective for the failure to prove completion by delivery, or its equivalent.

I think the order of the General Term should be reversed, and that the judgment recovered at the Circuit should be affirmed, with costs to the appellants.

All concur.

Order reversed, and judgment affirmed.