ESTHER C. TOWNSEND et al., Appellants, *v.* JOSHUA RACKHAM et al., Respondents.

The record of a deed, while it may with other facts afford a presumption of delivery by the grantor to the grantee, is not conclusive evidence of such delivery.

Where a promise is made by one person to another for the benefit of a third, in the absence of any liability of the promisee to such third person the latter cannot enforce the promise.

*Lawrence* v. *Fox* (20 N. Y. 268); *Gifford* v. *Corrigan* (117 id. 257), distinguished.

F., in 1857, conveyed certain premises to two of her grandchildren, taking back a mortgage which was conditioned for the payment by the mortgagors to her of specified sums annually and that they should provide for her board, clothing and all things proper for her comfort and support during her life, and five years after her death that they should pay $1,000 to M., a sister, and $500 to E., a granddaughter of the mortgagee. This mortgage was soon after satisfied of record, and said mortgagors executed and delivered to F. another mortgage on the same premises, with substantially the same conditions save a slight alteration as to her clothing and support. Thereafter, up to the time of the death of F., there was a series of conveyances to and from F. and the grantees in the first deed or their wives, and of mortgages executed by them, containing substantially the same conditions except that in the later mortgages the condition as to the payments to M. and E. were omitted. These mortgages, save the last one, were each satisfied by the mortgagee in their order. In an action to foreclose the mortgages containing the condition so omitted, wherein plaintiffs claimed as representatives of the interests of M. and E., the referee found that each subsequent mortgage was intended as a substitute for the preceding one and that F. received them upon the understanding and belief that the arrangement was testamentary in its character and that she retained possession and control of each mortgage until it was satisfied; also that neither M. nor E. had any knowledge or took any delivery of, or in any manner accepted or assented to any of the mortgages. *Held*, that no trusts in favor of M. and E. were created by the mortgages, but that the finding that the provisions for the payments to M. and E. were in their nature testamentary was proper, and so they were subject to alteration at any time by the assent of the parties to the mortgages.

*McPherson* v. *Rollins* (107 N. Y. 316) and *Martin* v. *Funk* (75 id. 134), distinguished.

Reported below, 68 Hun, 231.

(Argued October 26, 1894; decided November 27, 1894.)

Appeal from. judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 28, 1893, which affirmed a judgment in favor of defendants entered upon a decision of the court dismissing the complaint on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry W. Davis* for appellant. The allegations of the complaint embody the admission that Esther C. Lutts and Maria Leach did know of the execution and delivery of the several mortgages. The several discharges were found by the trial judge executed and delivered without the concurrence of either Esther C. Townsend or Maria Leach. No evidence is competent or if admitted effectual to contradict these admissions. (*Fleischman* v. *Stern*, 90 N. Y. 110; *Emery* v. *Baltz*, 94 id. 408; *Beard* v. *Tilghman*, 20 N. Y. Supp. 736.) Each of the seven mortgages was in fact and in the contemplation of all the parties to each transaction three separate mortgages, one to Catharine Farnham, one to Esther C. Lutts and one to Maria Leach, the rights of each being fully determined and stated in each mortgage, and each party could only discharge so much as was for her benefit. (*Ludlow* v. *McRae*, 1 Wend. 231; *Smith* v. *Post*, 1 Hun, 516, 519; *Griswold* v. *Perry*, 7 Lans. 98; *Swartout* v. *Curtis*, 5 N. Y. 301; *Giddings* v. *Stewart*, 16 id. 265, 368; *Smith* v. *Bowen*, 35 id. 83, 90; *Waterman* v. *Webster*, 108 id. 157.) In the absence of any bond accompanying the mortgage the presumption is that the amount named in each mortgage was a then present debt owing by the mortgagors to each of the mortgagees separately. (*Spencer* v. *Spencer*, 95 N. Y. 353, 356, 357; *Besley* v. *Taylor*, 5 Hill, 577, 583; *Jackson* v. *Perkins*, 2 Wend. 317; *Church* v. *Gilman*, 15 id. 656; *Lawrence* v. *Farley*, 24 Hun, 293; *Knolls* v. *Barnhardt*, 71 N. Y. 474.) The deed and mortgage of September 26, 1857, was one transaction. (*Dusenbury* v. *Hulbert*, 59 N. Y. 541.) A promise made by one person for the benefit of another can

be enforced by the other person. (*Todd* v. *Weber*, 95 N. Y. 181, 192–195; *Rector* v. *Teed*, 120 id. 583; *S. G. & B.* v. *Sutzer*, 138 id. 468.) Each of the defendants whose conveyance or incumbrance is subsequently recorded, and that includes each defendant in this action, had constructive notice of each of these seven mortgages set out in the complaint. (*Viele* v. *Judson*, 82 N. Y. 32; *Waterman* v. *Webster*, 108 id. 157.) Even if the several transactions did not each create a trust, the mortgage being an executed conditional transfer of the land delivered, accepted and recorded, the land became and still is pledged to the plaintiffs for the several sums of money for which the action is brought, free by the Recording Act from any claims of any defendant and as effectual in every particular as though each mortgage had been made payable to Mrs. Farnham and by her transferred to plaintiffs. (*Bucklin* v. *Bucklin*, 1 Keyes, 141; *Thayer* v. *Marsh*, 75 N. Y. 340; *Sanford* v. *Ellithorp*, 95 id. 48.) No one of the defendants can contest the validity of each or any of plaintiffs' mortgages. (*McConihe* v. *Fales*, 107 N. Y. 404.) Objection to the competency of witness need be made but once. (*Church* v. *Howard*, 79 N. Y. 415.) The testimony of Lovina L. Wilson, equally with that of the defendant Almeron C. Wilson, is immaterial and incompetent as to a personal transaction with Catharine Farnham on the subject of a conveyance of the land to the husband. (*Steele* v. *Ward*, 30 Hun, 555; *In re Clark*, 40 id. 233.) The trial court erred in refusing to strike out the testimony of witness Julius Kuck as to statements of Mrs. Farnham made long after transaction took place. (*Sanford* v. *Ellithorp*, 95 N. Y. 48.)

*George Bullard* for respondent. Parol evidence was competent to prove the character of the mortgage, and, it being shown to be testamentary in character, Mrs. Farnham had the right to discharge it. (*Kelsey* v. *Cooley*, 11 N. Y. Supp. 745; *Markey* v. *Markey*, 13 id. 925; *Meigs* v. *Meigs*, 15 Hun, 453; *Stokes* v. *Pease*, 19 Wkly. Dig. 310; *Garnsey* v. *Munday*, 44 N. J. Eq. 243; *Gates* v. *Hames*, 28 N. Y. S. R. 313;

*Weber* v. *Weber*, 58 How. Pr. 256.) Lovina Wilson was not excluded as a witness by section 829 of the Code. (*Simmons* v. *Havens*, 101 N. Y. 428; *Whitehead* v. *Smith*, 81 id. 157; *Allis* v. *Stafford*, 14 Hun, 318.)

Peckham, J. The plaintiffs brought this action to foreclose seven mortgages executed by some of the defendants at different times upon the same premises. The defense of payment was set up and has thus far prevailed. By the will of one Mathias Brown, which was duly proved September 22, 1857, Catharine Farnham became the owner of a farm of 150 acres of land. She was then 73 years of age. On the 26th of the same month she conveyed the same farm to Almeron C. Wilson and Valentine A. Wilson, two of her grandchildren, and took back from them a mortgage on the same premises. The condition stated in this mortgage was as follows : " This grant is intended as a security for the payment of the following sums of money, to wit: $75.00 on the first day of January and $75.00 on the first day of July in each and every year thereafter during the natural life of the party of the second part, to be paid to the party of the second part at the homes of the said parties of the first part, in the town of Carlton.

" And the further sum of $1,500 to be paid as follows: $1,000 to Maria Leach or her heirs five years from the death of the said party of the second part, and $500 to be paid to Esther C. Lutts five years from the death of the said party of the second part (the several sums herein mentioned are for the purchase money of said premises). And as further consideration to these presents it is agreed between the parties that in addition to the sums above mentioned and agreed to be paid the said parties of the first part agree to and with the party of the second part to provide her, the said Catharine Farnham, at their home or homes, at all times when she may choose during her natural life, and provide for her board and all necessary clothing, and all things necessary and proper for her comfort and support during her natural life.

" And this conveyance shall be void if such payments be

made as herein specified and in case default shall be made in the payment of the above sums hereby intended to be secured or any part thereof, or in case default be made in providing for and taking care of the party of the second part as above provided, it shall be lawful for the party of the second part, her executors, administrators or assigns, at any time thereafter, to sell the premises hereby granted, or any part thereof, in manner provided by law, and out of the moneys arising from such sale to retain the amount then due, together with costs and charges of making such sale. Or in case default during the lifetime of the said Catharine Farnham shall be made in any of the above conditions the party of the second part may re-enter and take possession of the above-described premises and declare this obligation void."

The Maria Leach named in the above mortgage was the sister, while Esther C. Lutts was one of the grandchildren of the mortgagee, Catharine Farnham.

On the 12th of Oct., 1857, this mortgage was satisfied by the mortgagee, and a satisfaction piece was duly recorded. On the 13th of October, 1857, the same mortgagors executed and delivered to the same mortgagee another mortgage on the same premises, with the condition therein substantially the same as in the first mortgage, with the exception of some slight alteration as to the terms upon which the clothing and support of the mortgagee were to be given, which was stated to be while she was living with the mortgagors. Thereafter, between Oct. 15, 1858, and the time of her death, there was a series of conveyances of this farm to and from Catharine Farnham and the grantees in the first-named deed, or to their wives in one form or another, and there was also a series of mortgages executed by the grantees in the deeds, each of which mortgages contained substantially the same condition as the first-mentioned one, varying sometimes in the amounts and times of payment, excepting that the last mortgages left out the condition as to the payment of any money whatever to either Maria Leach or Esther C. Lutts. The referee found that the mortgages, up to the last one in which the sister and

grandchild were left out, and in which they had no interest, had all been satisfied in their order, and the satisfaction pieces duly recorded, and that each subsequent mortgage was intended as a substitution for the preceding one which was satisfied by Catharine Farnham. He also found that she took the various mortgages upon the understanding and belief that the whole arrangement was testamentary in its character and in the nature of a will; that she retained possession and control of the various mortgages until new arrangements were made upon good consideration passing to her, and then she duly satisfied such mortgages and received others in their place. He further found that neither Maria Leach nor Esther Lutts had any knowledge or took any delivery of or in any manner accepted or assented to any of the mortgages mentioned in the complaint, or any of the provisions in any of the mortgages providing in any way in their favor prior to the satisfaction of such mortgages.

These are the mortgages to foreclose which this action is brought, and the plaintiffs claim, as representing the interests of Maria Leach and Esther C. Lutts, that the amounts named in each of the mortgages in their favor are now due the plaintiffs, and that as to them there has been no satisfaction of any one of such mortgages. Although there is no question that Catharine Farnham signed the satisfaction pieces of the various mortgages and intended thereby to satisfy them, yet the contention is that, after she had taken the first mortgage with the condition as to the payment of the moneys to Maria Leach and Esther Lutts, she never had the power to thereafter satisfy that mortgage or any subsequent one so far as the payments to them were concerned, and the plaintiffs insist that each mortgage subsequent to the first, instead of being a substitution for its predecessor, became security for the payment of the sum mentioned in the mortgage in addition to the amounts mentioned in the earlier instruments. If this be the true state of the case, the payments provided for Maria Leach and Esther C. Lutts have grown from the amounts mentioned in the first mortgage, $1,000 and $500 respectively, to the total

sum of $6,750, together with interest from August 20, 1883, that date being five years after the death of Catharine Farnham. It seems to us to be a very plain case against the plaintiffs.

They urge that the condition in these mortgages amounts to a promise made by one person to another for the benefit of a third, and that such third person can enforce the liability thus created.

There are, as it seems, many answers to that position.

Catharine Farnham, at the time of the first deed from her to the grantees therein named, was the owner in fee of the farm therein conveyed. The mortgage given back to her was security for the purchase money of the farm. There is no evidence that she ever owed a penny or was under any pecuniary obligation to her sister or granddaughter named in the mortgage which she took back. As there was not a particle of proof of such a fact, the promise (assuming one was made) of her debtors made to her to pay money to a third person to whom she owed no debt, and was under no legal liability, was not such a promise as could be taken advantage of by that third person. Again, the form of the conditions in these various mortgages, and the actual dealings between the parties to them, as evidenced by the records of the several deeds and mortgages, afford an overwhelming presumption that the provisions for the payments to these ladies after the death of the mortgagee, Catharine Farnham, were in their nature testamentary, amounting to nothing more than a legacy or gratuity given by or coming from the mortgagee, and the whole conditions of the various mortgages were obviously subject to alteration at any time by the assent of the parties thereto.

The doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) and the subsequent cases can furnish no ground for sustaining the right of the plaintiffs to maintain this action. In none of them is there an intimation that the action could be sustained by the third person in the absence of any liability in his favor due or to grow due from the one to whom the promise was made. In *Gifford* v. *Corrigan* (117 N. Y. 257) Judge Finch reviews the subject and cites the various authorities, and states the grounds upon which the liability has been

placed. To maintain the action by the third person there must be this liability to him on the part of the promisee. Plaintiffs claim that the existence of these mortgages, their record in the clerk's office, and the beneficial nature of the provisions therein for those third parties, form proof enough of a delivery of the mortgages to them and of their acceptance of the provisions in their favor, and that hence those provisions could not be altered without their consent.

Finding upon the records a deed from one party to another is not always evidence of a delivery by the grantor to the grantee. Taken with other facts it might afford a presumption, but it is never conclusive evidence as claimed by counsel for plaintiffs. (*Gifford* v. *Corrigan*, 105 N. Y. 223–227.) But we have a finding founded upon evidence that the mortgages were delivered to Catharine Farnham and that she alone had possession of and controlled them, gave them up, satisfied them and took others in their stead. There is no admission in the answer to the contrary. The plaintiffs alleged that the discharges of these mortgages were made without the knowledge or concurrence of Maria Leach or Esther Lutts. This allegation in the complaint was denied in the answer, and upon information and belief it was alleged that each knew of the making and execution of these satisfaction pieces. This is no admission, and the finding is that they did not know of or consent thereto, the further finding being that they knew nothing of the existence of the mortgages themselves. Nor do these various mortgages constitute a trust for Maria Leach and Esther Lutts. A perusal of each or all of them induces a clear belief on our part that there was not the slightest intention or desire to create a trust on the part of any of the parties to these mortgages. In that respect and in others they are different from the case of *McPherson* v. *Rollins* (107 N. Y. 316), cited by counsel. In that case the purpose was to make a provision for the present maintenance of the mortgagee's daughter and two grandchildren, and it was, therefore, provided that certain payments should be made by the mortgagor at once and should be continued to be made by her

periodically during a certain time. We held it was apparent that a trust in favor of the grandchildren was intended, which could not be satisfied by the mortgagee therein. The case of *Martin* v. *Funk* (75 N. Y. 134) was cited to sustain that decision.

Here, however, we have a case where in the writings themselves there are no appropriate words creating a trust, and the surrounding circumstances are clearly such as to prevent any implication of an intention to create one. By the surrounding circumstances I mean the repeated changes made by the parties in these various deeds and mortgages, which, coupled with the language used in all of the mortgages, conclusively point to these provisions in favor of these ladies as being simply testamentary in their character. Upon this view it was immaterial whether it was error to admit evidence as to the oral statements of the attorney and Catharine Farnham when he was called to make a will for her. The various instruments themselves lead to the same conclusion, and hence no harm has been done if there were this error, which, however, we do not intimate or decide.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____