CATHERINE E. BEEMAN and BETSEY SWIFT, Respondents, *v.* CHARLES BEEMAN and ALICE BEEMAN, Appellants, Impleaded with Others.

*Trust — must be explicit or be shown beyond a reasonable doubt — an ineffectual gift is not necessarily a trust — revocation by the destruction of the instrument.*

In order to constitute a trust there must be either an explicit declaration of trust or circumstances which show beyond a reasonable doubt that there was an intention to create a trust.

An intent to give, ineffectual as a gift, is not for that reason a trust.

A father conveyed lands to certain of his children by separate deeds and in distinct parcels and took from each a mortgage, in which the father was named as mortgagee, conditioned to pay him an annual sum for life and after his death to pay a certain sum to his daughter-in-law, Catherine Beeman, and to a married daughter, Betsey Swift, in equal shares; no trust in favor of these persons was expressed in the mortgages and no declaration of trust attended their execution or that of the conveyances.

*Held,* that no trust arose in favor of Beeman or of Swift, and that the payment directed to be made to them should be regarded merely as in the nature of a testamentary provision;

That if the father purposely destroyed a mortgage, taken under the circumstances above stated, it would amount to a revocation by him of the provision for payment to the donees after his death.

APPEAL by the defendants, Charles Beeman and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 15th day of February, 1894, upon the decision of the court rendered after a trial at the Erie Special Term.

The facts as they must be here assumed are, that on March 20, 1880, Lyman Beeman made deeds of his lands in distinct parcels to his children, the defendants Charles Beeman, Henry S. Beeman and

Eunice Eldred, respectively, and took from each of them a mortgage thereon, in which Lyman Beeman was named as mortgagee, containing the condition for the payment of the sum of sixty-two dollars and seventy-two cents to the party of the second part annually during his life, and for the payment of $533.35 in one year after his death and one year's interest to Catherine Beeman, wife of his son William, and Betsey Swift, " heirs of said Lyman Beeman, in equal shares ; " that Lyman Beeman retained the mortgages in his possession and caused that of Henry S. Beeman to be recorded ; neither of the others was recorded. Lyman Beeman died February 26, 1891, and some time before his death he destroyed the mortgages so made by Charles Beeman and Eunice Eldred. The purpose of the present action was the establishment of the lien of the mortgage of the defendant Charles Beeman. Judgment to that effect was directed and entered.

*Frank Brundage*, for the appellants.

*E. O. Farrar*, for the respondents.

BRADLEY, J.

The view of the trial court was that, by the execution and delivery of the mortgage to Lyman Beeman an irrevocable trust was created in behalf of the plaintiffs. It would have been so if a trust to that effect had been expressly declared in the instrument. (*Martin* v. *Funk*, 75 N. Y. 134; *Schluter* v. *Bowery Savings Bank*, 117 id. 125; *Beaver* v. *Beaver*, 117 id. 421; 137 id. 59; *Connecticut River Savings Bank* v. *Albee*, 64 Vt. 571 ; 33 Am. St. Rep. 944.) And when the trust is not in words declared in the instrument, it is entitled to that character if such clearly appears to have been the intention of the donor. (*Mabie* v. *Bailey*, 95 N. Y. 206 ; *McPherson* v. *Rollins*, 107 id. 316.)

In the mortgage made by the defendant Charles Beeman to Lyman Beeman no trust was expressed, nor, so far as appears, did any declaration of trust attend the making of the conveyance and mortgage. And unless something further than the terms of the instruments themselves import, arises out of the transaction or otherwise appears to so characterize it, a trust was not impressed upon it in favor of the plaintiffs. But as to them it would be treated

as in the nature of a testamentary provision. (*Townsend* v. *Rackham*, 143 N. Y. 516.)

The condition in the mortgage in behalf of the plaintiffs was without consideration on their part and was the result of the voluntary direction of the mortgagee. In such case it was said in *Beaver* v. *Beaver* (117 N. Y. 428) that "To constitute a trust there must be either an explicit declaration of trust or circumstances which show beyond reasonable doubt that a trust was intended to be created." It was there held that no trust existed. And on the review of the second trial the same reason was given for a like result. On that trial the evidence warranted the finding made that the money in question was deposited by the father "with the purpose and with the intent that such moneys should thereafter be and remain the property" of his son named. It was held that this new fact did not alter the legal situation nor warrant the inference of a trust. (137 N. Y. 65.) In none of the cases cited by counsel, other than *McPherson* v. *Rollins* (*supra*), was it held that a trust was created without the declaration to that effect by the donor at the time of the transaction out of which it was claimed to have arisen. And the main distinguishing feature of that case from *Townsend* v. *Rackham* (*supra*), as mentioned by the court in the latter case, is in the fact that the payment of the annuity to the beneficiary was not postponed until after the death of the donor, while in the *Townsend* case and the one at bar the plaintiff could take nothing during the life of the mortgagee. It is deemed unnecessary to further consider the significance of that distinction.

It may be inferred, as found by the trial court, that the conveyances to three of his children and their mortgages containing the condition for the ultimate payment of certain sums to the plaintiffs, were made and taken by Lyman Beeman for the purpose of making a division of his property amongst his children. He took and held the mortgages. He could have effectually imposed in favor of the plaintiffs a trust upon such provision for payment to them.

The mortgages were made without their knowledge. When the fact was afterwards ascertained by them they undoubtedly expected to derive from it the benefit of such provision if they survived their father. And it may be assumed that when the father caused the instruments to be made he intended that such provision should be

available to them after his death. It does not, however, appear that he at any time made any expression to the effect that he held the mortgages in trust for them to any extent.

An intent to give, ineffectual as a gift, is not for that reason a trust. (*Young* v. *Young*, 80 N. Y. 422.)

The difficulty is that the intent of Mr. Beeman at the time the mortgage was taken to give the plaintiffs and that they should finally have the amount so provided by it, was not supplemented by any expression to the effect that they were taken and held by him in trust for the plaintiffs.

There is, therefore, wanting an explicit declaration of trust, and within the rule announced by the court in the *Beaver* case, there is a want of circumstances appearing, requisite to impress that character in favor of the plaintiffs upon the mortgages in the hands of the mortgagee.

The view of the court, as there expressed, is that when the inquiry is dependent upon circumstances they must be such as to permit no reasonable degree of uncertainty of the purpose of the alleged donor to create a trust to render them effectual for its support as such. Since the *Townsend* case, that of *McPherson* v. *Rollins* cannot be relied upon to support the present one. And, although it is there distinguished by the court, it seems quite evident that upon the subject of a trust it is so limited by the doctrine of that and the other later cases hereinbefore cited as to render it of little value as authority.

It is not seen that there is anything essentially bearing upon the question in the fact that four years after the conveyances, etc., were made, the five children of Mr. Beeman joined with him in the release of their contingent interest in the estate of their grandfather for the discharge of a mortgage to the latter and held by his personal representative upon the land so conveyed and covered by the three mortgages. This release by the plaintiffs may have been founded upon their expectation, which good faith on the part of the father should have induced him to observe, but this release does not appear to have been given upon any agreement or declaration creating a trust in their behalf. It is unnecessary here to inquire what other remedy the plaintiffs may have arising out of that transaction

if they finally fail to support their alleged claims upon the mortgage made by the defendant Charles Beeman.

The conclusion follows that no trust appears to have been created in behalf of the plaintiffs, and that if Lyman Beeman, during his life, purposely destroyed that mortgage, his act in doing so must be deemed a revocation by him of the provision contained in it for payment to them after his death.

The judgment should be reversed and a new trial granted, costs of this appeal to abide the final award of costs.

DWIGHT, P. J., LEWIS and WARD, JJ., concurred.

Judgment reversed and a new trial granted, costs of this appeal to abide the final award of costs.