MARY GLAWATZ, Appellant, *v.* PEOPLE'S GUARANTY SEARCH COMPANY, Respondent.

*Certificate of a title guaranty company — not enforcible by a mesne grantee of the premises.*

A certificate attached to an abstract of title by which the searching company certifies, guarantees and warrants to the owner of the premises, at whose request the search was made, his "heirs, devisees and grantees," that all the matters and things affecting the title to the premises are set forth in the abstract, does not entitle a subsequent mesne grantee of the premises, to whom the abstract has been delivered, to recover from the searching company the damages resulting from the fact that the abstract erroneously stated the amount of a mortgage covering the premises.

APPEAL by the plaintiff, Mary Glawatz, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 8th day of September, 1899,

upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Erie Trial Term.

The defendant on the 1st day of May, 1895, prepared and furnished to one William W. Peacock, upon his request and for a consideration by him duly paid, an abstract of the title to certain premises owned by him and situate in the city of Buffalo, to which was attached the following certificate :

" The People's Guaranty Search Company, a corporation duly incorporated under and by the laws of the State of New York, for a good and valuable consideration to it paid, the receipt whereof is hereby acknowledged, doth hereby certify, guarantee and warrant to Wm. W. Peacock, heirs, devisees and grantees, and to Eastern Building and Loan Association, mortgagee, that it has searched and examined the Indexes to the Records, Papers, Files and Documents, and the Judgment Dockets in the office of the Clerk of Erie County, N. Y., from the 17th day of November, A. D., 1894, to the 1st day of May, A. D., 1895, and that nothing is entered, indexed or docketed in said Indexes or Dockets, between the dates aforesaid, which affects or relates to the title of the premises particularly described as parcel D on above plan in the annexed abstract of title, except the matters and things that are set forth and stated in said abstract and numbered in the margin thereof from No. 48 to No. 49, both numbers included. Including ten-year judgment search last past vs. Wm. W. Peacock.

" *In witness whereof*, the said company has hereunto set its corporate seal and the hand of its treasurer, this 1st day of May, A. D., 1895.

"PEOPLE'S GUARANTY SEARCH CO.,

" [L. S.]                                 By L. H. Eckhert,

" *Treasurer*."

This abstract, when delivered, contained opposite the number " 49 " a statement to the effect that the amount of a certain mortgage there mentioned and which was a lien upon the premises against which the search was made was $3,000, whereas in fact the amount of such mortgage was $3,200.

Subsequently Peacock conveyed the premises in question to one Charles T. Bane, who thereafter conveyed the same to the plaintiff,

to whom the certified abstract of title was delivered, and in completing her purchase of such premises the plaintiff, in consequence of the erroneous statement contained in the abstract, paid $200 in excess of what she otherwise would have paid, and she brings this action to recover that amount.

*Clarence U. Carruth,* for the appellant.

*Walter S. Jenkins,* for the respondent.

ADAMS, P. J.:

Whatever liability attached to the defendant by reason of its undertaking to furnish a search of the premises in question was undoubtedly a contract liability, which, in its nature and scope, measured and interpreted by the language of the certificate, amounted to a guaranty to the person ordering the search, his heirs, devisees and grantees, that the abstract contained and set forth an accurate and complete statement of any and all matters in anywise affecting or relating to the title of the premises against which the search was made.

That the contract was broken in consequence of the failure of the abstract to correctly state the amount of a certain mortgage mentioned therein, is a fact about which there is no dispute ; and it may be assumed for the purpose of this review that as a result of such breach the plaintiff suffered damage in the amount claimed by her. The more important question is, can she, with these facts conceded, maintain an action against this defendant founded upon the breach of a contract to which she was not a party and in no way privy ?

The defendant is a corporation, the business of which, as indicated by its corporate name, is to furnish abstracts of title to real estate, for a consideration paid by the parties ordering the same to be in all respects accurate and reliable.   Until recent years the business of searching titles was confined mainly to county clerks and recorders, and their certificate afforded a certain degree of protection to the party for whom the search was made, in that if he suffered injury by reason of any negligent act or omission of the official making the search, he had his right to action therefor.   But such right, it has been held, extended only to the person for whom the search was made.   (*Day* v. *Reynolds,* 23 Hun, 131 ; *Houseman* v. *Girard Mutual B. & L. Assn.,* 81 Penn. St. 256.)

In the present case, however, the contract of guaranty in form runs to Peacock, the party for whom the search was made, his " heirs, devisees and grantees," and upon the authority of the doctrine enunciated in *Lawrence* v. *Fox* (20 N. Y. 269) and other kindred cases it is contended that this language gives to the plaintiff, as grantee, the same right of action which Peacock acquired by virtue of the contract to which he was a party.

This court has recently had occasion to determine in what cases the doctrine contended for has any application (*Lyth* v. *Hingston,* 14 App. Div. 11), and in view of the examination which was then given to the subject we deem it unnecessary to again enter into an extended discussion of the same. We then held that before a person situated as is the plaintiff can avail himself of an indemnity or right of action flowing from a contract to which he is not a party, he must show (1) an intent upon the part of the promisee to secure the right or benefit claimed, and (2) some privity between the promisee and the party benefited, and some duty owing from the former to the latter which would create a legal or equitable claim to the benefit of the promisee. This statement of the rule was based upon certain adjudications of the Court of Appeals, in one of which it was declared that " to entitle him (a third person) to an action, the contract must have been made for his benefit. He must be the party intended to be benefited." (RAPALLO, J., in *Garnsey* v. *Rogers,* 47 N. Y. 233, 240.) And more recently, in speaking of the cases of which *Lawrence* v. *Fox* is the pioneer, it was said by PECK-HAM, J.: " In none of them is there an intimation that the action could be sustained by the third person in the absence of any liability in his favor due or to grow due from the one to whom the promise was made." (*Townsend* v. *Rackham,* 143 N. Y. 516, 522.)

In the present case the plaintiff certainly was not a party to the contract; neither was she privy thereto; and there is nothing in the record to indicate that Peacock was under any obligation to furnish her with an abstract of title to the premises of which she ultimately became the owner; and with these elements absent it is difficult to see how she can bring her case within the rule which she invokes, as that rule has been interpreted by the authorities to which reference has just been made.

But it is urged that the search was made for the benefit of the

plaintiff, as a grantee of Peacock, and was furnished to the latter with the knowledge and understanding that it was for the information and use of his subsequent grantees, as well as himself.   It is perhaps sufficient to say that no such allegation is contained in the complaint, and that, so far as can be gathered from the record before us, it is now made for the first time.   Assuming, however, that the proposition thus advanced is available to the plaintiff, what force would there be in it?

The plaintiff is not the immediate grantee of Peacock, but she derived her title through a mesne conveyance ; and if she is entitled to claim any benefit from the defendant's contract, why is not her grantee and any subsequent grantee, however remote?   Or if, while the owner of the premises, the plaintiff should die intestate, why would not her heirs at law, however numerous, be entitled to the same right of action she is now seeking to maintain?   Certainly, if her contention is well founded, it would be difficult to determine just where and when, and with whom such a right of action would terminate ; and this fact of itself demonstrates, we think, the inherent weakness of the plaintiff's position, as well as the propriety of the limitation placed upon the doctrine established by the case of *Lawrence* v. *Fox.*

There is a class of cases in which it has been held that the natural obligation which arises out of certain domestic relations furnishes sufficient consideration to support a promise made for the benefit of a third person, and one which is enforcible at the suit of the beneficiary, as, for example, the relation of child and parent (*Todd* v. *Weber*, 95 N. Y. 181); or that of husband and wife (*Buchanan* v. *Tilden*, 158 id. 109).   But such cases are exceptions to the general rule, and they are the outgrowth of a principle which the plaintiff is in no position to invoke.

We are of the opinion, therefore, that from no point of view can it be legally asserted that this action ought to be maintained, and it necessarily follows that the judgment appealed from should be affirmed.

All concurred.

Judgment affirmed, with costs.