CHARLES FOSMIRE, Plaintiff, *v.* NATIONAL SURETY COMPANY, Defendant.

(Supreme Court, Albany Special Term, July, 1918.)

Contracts — for improvement of highways — bonds — when surety not liable for wages of employees of contractor.

Where upon the making of a contract for the improvement of a state highway the contractor gave a surety company's bond "to and for the benefit of the People of the State of New York," the surety is not liable to a laborer for the amount due him from the contractor for wages earned in carrying out the contract.

MOTION by plaintiff for judgment on the pleadings.

Frederick E. W. Darrow, for plaintiff.

William J. Griffin, for defendant.

Rudd, J.   The complaint alleges the citizenship of the plaintiff and that he is a taxpayer residing in the village of Saugerties; that the firm of Wagner & Braun undertook the improvement of the Saugerties village state highway number 5601 under a contract with the state of New York.

The contractors in the contract mentioned agreed to comply with the provisions of section 3 of article 2 of the Labor Law in reference to hours of employment and also to conduct the work in compliance with the laws of the state and the ordinances of any city, village or town.

At the time of the making of the contract the defendant, National Surety Company, executed and delivered a bond " to and for the benefit of the People of the State of New York," which bond is set forth and made a part of the complaint.

The contractors employed laborers, among˙ whom was the plaintiff.

The complaint also alleges that all of the work done by plaintiff was performed within the village of Saugerties, and that he earned thirty-two dollars and fifty cents; that the contractors became embarrassed financially, have failed to pay the plaintiff the amount above mentioned, and the same is now due to him; that demand for payment has been made by the plaintiff upon the defendant, National Surety Company.

A second cause of action, similar to the first, is set forth covering the services alleged to have been rendered by one Frederick Yahncke, the value of whose work is twenty-nine dollars and forty-two cents, which is unpaid, and that prior to the commencement of this action the claim of the said Yahncke was assigned to this plaintiff, who now owns the same.

Judgment is demanded of the defendant surety

company for the sum of sixty-one dollars and ninety-two cents, with interest thereon.

The complaint alleges a liability on the part of the defendant surety company for the reason that the bond given by the surety company to the people of the state of New York contains this clause: " If the above bounden principal (referring to Wagner & Braun, contractors) shall and do well and truly pay or cause to be paid in full the wages stipulated and agreed to be paid to each and every laborer employed by said principal or his agents, then this obligation shall be null and void, otherwise to remain in full force and virtue."

The defendant interposed a demurrer alleging that the complaint fails to state facts sufficient to constitute a cause of action.

Under the motion for judgment upon the pleadings each party asks affirmative relief. The plaintiff asks for judgment and the defendant for a dismissal of the complaint.

The condition of the bond has the same effect, so far as this action is concerned, as if the bond " contained a covenant to pay the sum, or to perform the act, specified in the condition." Code Civ. Pro. § 1915.

The question presented requires a determination as to whether a third party, who is a stranger to the instrument under seal, can benefit by the condition thereof.

In the much discussed case of *Lawrence* v. *Fox,* 20 N. Y. 268, the doctrine was established that a promise to one for the benefit of another may avail to give an action directly to the third party against the promisor.

The law is equally well established that in order to give a third party, who may derive a benefit from the performance of the promise, an action, there must be, *first,* an intent by the promisee to secure some benefit

to the third party, and *second,* some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent for him personally.

A mere stranger cannot intervene, and claim, by action, the benefit of a contract between other parties. There must be either a new consideration or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement. *Vrooman* v. *Turner,* 69 N. Y. 280.

There was no new consideration, but did the plaintiff have a claim against one of the contracting parties to the bond in question by which the plaintiff had a legal interest in the perfomance of the agreement made in the execution of the bond?

The contractors executed the bond. It was given for the protection of the people of the state. The moneys paid under the contract to the contractors were the moneys of the state.

As was said by Judge Cardozo in *People* v. *Crane,* 214 N. Y. 154: "In a real and substantial sense, it is the money of the state that is paid to the laborers, though the distribution is made through the medium of contractors. That money constitutes the fund out of which the wages of laborers are payable.   *   *   * The truth and substance of the situation is that the contractor's employees are doing the state's work, and are paid out of the state's moneys; and this truth ought not to be obscured by distinctions between contractors and servants established to fix the gradations of civil liability."

Admitting that the moneys paid are those of the state still should the surety company be called upon to

do what the state is not required to do with reference to the payment for labor rendered under employment by the contractors?

This bond was given primarily to secure the state in the proper and complete execution by the contractors of the work which they undertook to do.

In *Townsend* v. *Rackham,* 143 N. Y. 516, it was said that the doctrine of *Lawrence* v. *Fox,* 20 id. 268, and the subsequent cases furnished no intimation that an action can be sustained by a third person in the absence of any liability in his favor due or to grow due from the one to whom the promise was made.

The bond runs to the people of the state. In order that a third person may maintain an action there must be a liability to him on the part of the promisee.

The people of the state are not liable for the payment of the wages earned by the plaintiff as a laborer, working under a contract in the improvement of the highway.

The plaintiff has no right of action against the state, nor can he make a claim against the funds of the state appropriated for the improvement of this highway for the payment of the wages due to him, save the making of a claim against the unexpended fund, in accordance with the provisions of the Lien Law.

Such has been the determination of the courts in *Strassler* v. *Illinois Surety Co.,* 174 App. Div. 424; *Laudani* v. *Vulcan Engineering Co.,* 70 Misc. Rep. 385; *Lyth* v. *Hingston,* 14 App. Div. 12; *Townsend* v. *Rackham,* 143 N. Y. 516.

Notwithstanding the phraseology of the condition of the bond it cannot be said that the surety company must respond to this plaintiff in the amount due to him from the contractors for wages earned.

The theory of the decision in the case of *Rigney* v. *New York Central & H. R. R. R. Co.,* 217 N. Y. 31, is

clearly to the effect that the city in entering upon the contract for public work, which might result in damage to one of its citizens, must assume an obligation to protect such citizen, without which he would otherwise be remediless, and for that reason the city of Rensselaer properly required the contractors to compensate the person injured. Such happening was anticipated, such was the obligation of the municipality.

In the discussion of the principles involved in the case of *Rigney* v. *New York Central & H. R. R. R. Co.,* Judge Cuddeback said: " In order to bring the case within the doctrine of *Lawrence* v. *Fox* it must appear, *first,* that there was an intent on the part of the municipality to secure some benefit to the plaintiffs as the owners of land affected by the change of grade, and, *secondly,* that there was some obligation or duty owing from the municipality to the landowner which gives the latter a legal or equitable claim to the benefit of the contract."

In the form of the condition of the bond, the subject of discussion here, it is possible to spell out an intent on the part of the state to secure some benefit to the plaintiff, or to those similarly situated, but it is not possible to determine that there was any obligation or duty owing from the state to the plaintiff as a laborer which gives the latter a legal or equitable claim under the bond against the surety company.

If we interpret the law correctly in the line of cases following *Lawrence* v. *Fox,* it is in substance this, that where A loans twenty dollars to B upon B's promise to pay twenty dollars to C, to whom A stated he owed twenty dollars and had promised to pay C such sum, then C has a cause of action directly for the sum involved against B.

The application of the principle does not sustain the

contention of plaintiff here in his claim against the surety company.

The plaintiff as one of the laborers employed by the contractors was not privy to the bond given by the surety company, and, further, inasmuch as he cannot enforce as against the state of New York, or the people of the state, the payment of the wages due to him, he cannot enforce by this action the performance on the part of the surety company of the particular condition of the bond under consideration.

Judgment may be entered dismissing the complaint herein.

Judgment accordingly.