

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 13, 1964

Honorable Robert S. Calvert          Opinion No. C-204
Comptroller of Public Accounts
Capitol Station                      Re:  Taxability for inheri-
Austin, Texas                             tance tax purposes of
                                          trust accounts which
                                          under New York law are
                                          described as Totten
Dear Mr. Calvert:                         Trusts.

        We quote the following excerpt from your letter request-
ing the opinion of this office on the above captioned matter.

        "Emil Andrew Edwards died testate a resi-
    dent of Brazos County, Texas, on January 29,
    1962, and the proper report has been made to
    this Department as required by the law.

        "Schedule B-1 of the inheritance tax
    report discloses the following information:

        "'Three separate trusts were established
    as of April, 1958, by deposits of $10,000 in
    each of the three accounts listed below.  Each
    account was in the name of Emil A. Edwards in
    trust for Teresa Vivian Graham, a niece.  The
    motive was love and affection for one who had
    lived with him for 21 years.  The donor was
    judged mentally incompetent on May 15, 1961,
    and remained so until his death thus losing
    all power to revoke the trusts.

        "'The accounts had balances as of Janu-
    ary 29, 1962 as follows:

    Emigrant Industrial Savings Bank of
        New York                                  -  10,379.92
    Dime Savings Bank, Brooklyn, New York  -  10,379.92
    Seamans Bank for Savings, New York      -  10,379.92
                                                     31,139.76

        "We understand that the above accounts
    under the laws of New York are described as
    Totten Trusts.

"The attorney for the estate . . . . feels
that by reason of incompetency, the grantor
lost power to revoke; and for this reason,
the value of these accounts is no part of
the taxable estate."

Prior to the decision by the New York Court of Appeals
in the famous case of Matter of Totten, 179 N.Y. 112, 125,
71 N.E. 748 (1904), the law with respect to the effect of a
deposit in a savings bank in the name of the depositor "in trust"
for another had gone through a considerable evolution. See
1 Scott on Trusts (2nd Ed.) 481, 482, Sec. 58.2, and particularly
see the decision in Beaver v. Beaver, 117 N.Y. 421, 22 N.E. 940
(1889), 137 N.Y. 59, 32 N.E. 998 (1893), in which the court was
assuming that either an irrevocable trust or no trust at all was
created. The Totten case recognized that there was a third
possibility, namely a revocable trust, and that in the absence of
evidence that an irrevocable trust was intended or that no trust
at all was intended, the inference arising from the form of the
deposit was that the depositor intended to create a trust reserv-
ing a power during his lifetime to deal with the deposit as he
saw fit.

A long line of authorities is cited in 1 Scott on Trusts
(2nd Ed.) 494, Sec. 58.4, in which the New York courts have held
that where the depositor of a Totten trust becomes insane, his
guardian or committee cannot revoke the trust unless he can show
that the use of the deposit was necessary for the welfare of
the depositor. Thus, the courts consider the trusts as arising
immediately and not merely on the death of the depositor. The
foregoing authorities support the conclusion that the value of
the trust accounts were no part of the decedent's testamentary
estate. However, whether said accounts were part of the dece-
dent's taxable estate presents a different question.

Article 14.01, Chapter 14, Title 122A, 20A, Vernon's
Annotated Texas Statutes, expressly taxes successions to prop-
erty other than that owned by the decedent at the time of his
death. The tax to such successions includes (1) property pass-
ing under a general power of appointment exercised by the dece-
dent by will; (2) certain life insurance proceeds; (3) transfers
made or intended to take effect in possession or enjoyment after
death of grantor or donor; and (4) transfers in contemplation of
death. The validity of succession taxes upon transfers of this
nature is well settled. The latest expression of the Supreme
Court recognizing the imposition of inheritance taxes upon such
types of transfers is Calvert v. Fort Worth National Bank, 163
Tex. 405, 356 S.W.2d 918 (1962).

The leading case in Texas dealing with transfers made or intended to take effect in possession or enjoyment after the death of the grantor or donor is succinctly summarized at page 922 of the opinion in the Fort Worth National Bank case.

> "In Bethea v. Sheppard, Tex.Civ.App., 143 S.W.2d 997 (wr. ref.); Henry Henke and his wife, Catherine Henke, executed a joint will and trust agreement which provided that the entire community estate should pass to a named trustee in the event the husband died first. Mrs. Henke and a daughter were to receive specified annual payments from the trust during the lifetime of the former, and the payments to the daughter were to be increased and continued for eight years after Mrs. Henke's death. At the end of such period the corpus of the trust was to be distributed to the daughter if living; but if the daughter was not living at that time, the property was to be held in trust for an additional five years and then delivered to the daughter's children. The husband died first, and inheritance tax was paid only on his half of the community estate. Upon the subsequent death of Mrs. Henke it was held that the right of the daughter to succeed to her mother's community interest was taxable as a transfer by Mrs. Henke made or intended to take effect in possession or enjoyment after death."

In the Bethea case, the interest of the daughter in the trust corpus was contingent upon (1) her surviving both the mother and the father, and (2) that she survive the mother for a period of eight years. In the case presently under consideration, the beneficiary's interest in the Totten trusts were contingent upon (1) the depositor's failure to revoke during the period such bank trust accounts were subject to revocation, and (2) that she survive him. This she did; and therefore at his death, the deposits in these trust accounts ripened into full possession and enjoyment and are subject to inheritance taxes under the provisions of the statute.

## SUMMARY

Funds deposited in "Totten trusts" under the laws of New York are subject to Texas inheritance taxes

upon the death of the donor, a Texas resident, despite the fact that the donor had lost the power of revocation by reason of insanity prior to his death.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/jp

APPROVED:

OPINION COMMITTEE,
W. V. Geppert, Chairman

W. E. Allen
James Strock
V. F. Taylor
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone