REUBEN O. SMITH, Appellant, *v.* HENRY W. PERINE et al., Respondents.

In an action to vacate a general assignment for the benefit of creditors, on the ground of fraud in the making of certain transfers of property and mortgages by P., the assignor, immediately preceding the assignment, it appeared, that in April, 1883, the wife of P. owned certain paid-up life insurance policies of the value of $16,600. P., desiring to use these as security for loans, borrowed them of his wife for that purpose and pledged them to J. & Co., to secure loans to P. & Co., of

which firm he was a member. In January, 1884, P. & Co. becoming insolvent, made a general assignment for the benfit of their creditors, preferring J. & Co. for $11,000, the amount of their indebtedness, the assets of P. & Co. being about $40,000. Shortly before executing his individual assignment, P., to fully secure his wife, gave her a mortgage upon certain of his real estate for $16,600, which acknowledged an indebtedness to her of that amount; she, upon the delivery thereof, executed and delivered to P. a defeasance in writing, providing that the mortgage should be canceled and satisfied upon payment of P.'s actual indebtedness to her, irrespective of the sum mentioned in the mortgage, and neither he nor she ever claimed that the mortgage was security for anything other than his obligation to return or pay for said policies. Immediately after the execution of the assignment, plaintiff was informed of the actual nature of the mortgage and the obligation it was given to secure. Within two months after the assignment and more than six months before any question was raised about its validity the mortgage was voluntarily satisfied of record, the obligation it had been given to secure having been paid from other sources. *Held*, the evidence justified a finding negativing fraud; that P. was justified in securing his wife for the full amount of her claim, which was all that the transaction accomplished.

It also appeared, that prior to 1873, W., an unmarried son of P., who had been in business with him, being mortally ill summoned his father and mother to his death-bed and told them he desired his property to be divided equally between them; P. promised to do this. After the son's death, a portion of the son's property was actually divided, the remainder with the mother's consent was allowed to remain in the business. Just prior to his assignment, P. executed a mortgage for the benefit of his wife for one-half of said remainder. *Held*, that P.'s promise furnished a good and valid consideration for the mortgage; and that the voluntary preference, thereby created, did not of itself constitute any evidence of fraud.

It appeared that P., shortly before the assignment, executed to certain creditors a mortgage on real estate; the fact that he was in good faith indebted to them to the amount secured was not questioned. In his assignment, P. preferred said mortgagees for such sums as he should be indebted to them. It was claimed that in the absence of any other proof of indebtedness this was evidence of a fraudulent intent on the part of P. and that the court below erred in not finding such intent. *Held*, untenable; that the transaction furnished no conclusive evidence of fraud, and a finding of good faith was justified.

(Argued April 24, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court, in the fifth judicial department, entered upon an order

made the first Tuesday of June, 1888, which affirmed a judgment in favor of the defendant, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material,. are stated in the opinion.

*William H. Henderson* for appellant.   Henry W. Perine must be deemed to have intended the necessary and inevitable. consequence of this act of executing and putting upon record this mortgage; and that was to withdraw from his assignment: then contemplated by this fictitious mortgage his property to· the extent and value of $16,600, and such intention is conclusive evidence of his purpose thereby to hinder, delay and defraud his creditors.   (*Coleman* v. *Burr,* 93 N. Y. 17; *White* v. *Fagan,* 18 Wkly. Dig. 358.)   The double preferences, with-· out anything placed upon the records to explain them, are so conclusive as evidence of the intent of the assignor to embarrass and thus delay his creditors, that the court erred in its. refusal to find that the assignment was executed with that intent.   (*Mackie* v. *Cairns,* 5 Cow. 547; *Elias* v. *Farley,* 3: Keyes, 398; *Grover* v. *Wakeman,* 11 Wend. 187; *Kavanaugh* v. *Beckwith,* 44 Barb. 192.)   The assignment embraced the individual property of Henry W. Perine, the assignor. The assignor, in view of making this assignment, put upon record an acknowledgment that he was indebted to his wife in. the sum of $20,385, and created an apparent lien by two mort-· gages upon his property, securing to her that amount.   This. lien was fictitious.   The necessary effect of these two mortgages was to withdraw from the operation of this assignment. an interest in the assignor's real estate equal in amount to· $20,385.   The assignor so intended, and this intention is conclusively shown by the act of acknowledging this indebtedness. and appropriating his property absolutely to its payment in. contemplation of this assignment.   (*Sheldon* v. *Dodge,* 4 Den. 217; *Brainerd* v. *Duning,* 30 N. Y. 211; *Kavanaugh* v.. *Beckwith,* 44 Barb. 192; *Coleman* v. *Burr,* 93 N. Y. 31; *White* v. *Fagan,* 18 Wkly. Dig. 358; *Talcott* v. *Hess,* 31 Hun,

282; *Schults* v. *Hoagland,* 85 N. Y. 464.) Plaintiff was entitled to the finding that it was the intent of Henry W. Perine, by the assignment of his individual property, to provide only for the payment of his individual liabilities and such is the construction to be put upon the fifth clause of his individual assignment. (*Morrison* v. *Atwell,* 9 Bosw. 503; *In re Davis,* 1 How. Pr. [N. S.] 79.) If it be true that Henry W. Perine intended by this fifth clause to direct the payment of his individual debts not thereinbefore preferred, together with his joint debts, then for the purpose of ascertaining his intent, each and every of such individual and joint liabilities are to be regarded as actually named and described in the said fifth paragraph, and each of such individual and joint creditors are directed therein to be paid his *pro rata* share of the individual property of the assignor. (*In re Lewis,* 81 N. Y. 421; *Nichols* v. *McEwin,* 17 id. 22; *Coleman* v. *Burr,* 93 id. 18–31; *Bank* v. *Halsted,* 11 N. Y. S. R. 572; *Bank* v. *Cohn,* 42 Hun, 381; *Talcott* v. *Hess,* 31 id. 282; *Barney* v. *Griffin,* 2 Comst. 365; *Collomb* v. *Caldwell,* 16 N. Y. 484.) An assignment void as to any creditor is void as to all, and any creditor, although preferred by the assignment, may maintain an action to set aside the assignment. (*Leitch* v. *Hollister,* 4 N. Y. 211, 215; *Nichols* v. *McEwin,* 17 id. 22; *Wilson* v. *Robertson,* 21 id. 587.) The withholding of a considerable part of his estate by the assignor for his own use and benefit furnished conclusive evidence of an intent to defraud, and such act will invalidate the assignment as against creditors. (*White* v. *Fagan,* 18 Wkly. Dig. 358; *Iselin* v. *Henlein,* 16 Abbott [N. C.], 73; *Shultz* v. *Hoagland,* 85 N. Y. 464.) The fact that the plaintiff sent to Parkhurst proof of his debt at the time and under the circumstances found does not authorize the finding that the plaintiff was acting as a creditor who had come in under the assignment. It does not authorize the finding that the plaintiff became a party to said assignment, assented to and ratified the same. (*Talcott* v. *Hess,* 4 N. Y. S. R. 62; *Haydock* v. *Coope,* 53 N. Y. 68; *Babcock* v. *Dill,* 43 Barb. 577; *Payne* v. *Burnham,* 62 N. Y. 69.) The find-

ing that the plaintiff became a party to said assignment, and assented to and ratified the same, was without evidence to support it. (*Mills* v. *Argall,* 6 Paige, 577; *Rapalee* v. *Stewart,* 27 N. Y. 310; *Howe* v. *Henriquez,* 13 Wend. 240.)

*George T. Spencer* for respondents. Fraud in fact and fraudulent intent are matters to be proved, and not presumed. (Co. Litt. 232; *Henry* v. *Henry,* 8 Barb. 588, 592; *Morris* v. *Talcott,* 96 N. Y. 100, 107; *Price* v. *Heath,* 41 Hun, 585, 590; *Cole* v. *G. Ins. Co.,* 99 N. Y. 36, 42; *Shultz* v. *Hoagland,* 85 id. 464, 467; *Baird* v. *Mayor, etc.,* 96 id. 567, 592; *Harduran* v. *Bowen,* 39 id. 196, 200; *Browning* v. *Hart,* 6 Barb. 91, 94; *Hull* v. *U. S. Reflector Co.,* 30 Hun, 375; *Benge* v. *Koop,* 48 N. Y. 225; *Bates* v. *Rosencrans,* 23 How. Pr. 98; *Clark* v. *Dillon,* 97 N. Y. 370; *E. L. Ins. Co.* v. *Cuyler,* 75 id. 515; *Hudson* v. *Swan,* 83 id. 552; *Southwick* v. *F. N. Bank,* 84 id. 420; *R. E. Bank* v. *Eames,* 1 Keyes, 588, 592; *Hoffheimer* v. *Campbell,* 59 N. Y. 274.) The law in its application to the facts sustains the transactions in question to the fullest extent. (*Atkins* v. *Saxton,* 77 N. Y. 195; *Menagh* v. *Whitewell,* 52 id. 146, 159; *Dimon* v. *Hazard,* 32 id. 65; *Dimon* v. *Delmonico,* 35 Barb. 554; *Besley* v. *Lawrence,* 11 Paige, 581; Bishop on Ins. Debt. 160; *Williams* v. *Fitch,* 18 N. Y. 546; *Livermore* v. *Northup,* 44 id. 107; *Newman* v. *Nellis,* 97 id. 291; *Spencer* v. *Ayrault,* 10 id. 202, 205; *Frank* v. *Ins. Co.,* 102 id. 266; *Denton* v. *Merrill,* 43 Hun, 224; *Fay* v. *Grant,* 53 id. 44; *Kennedy* v. *McGuire,* 15 id. 70, 73; *Pollock* v. *Pollock,* 71 N. Y. 137, 152; *Mace* v. *T. A. R. R. Co.,* 15 J. & S. 461; *Seymour* v. *Wilson,* 14 N. Y. 567; *Shultz* v. *Hoagland,* 85 id. 464, 467; *Fordham* v. *Smith,* 46 id. 683; 44 How. Pr. 472; *N. R. Bank* v. *Schuman,* 63 id. 476; *Nugent* v. *Jacobs,* 103 N. Y. 125, 128.) The assignment is not invalid by reason of applying the individual property of the assignee to the payment of the debts of H. W. Perine & Co. (*Kirby* v. *Shoemaker,* 3 Barb. Ch. 46; *Haynes* v. *Brooks,* 42 Hun, 528; *R. W. Co.* v. *Falding,* 101 N. Y. 510; 31 Hun, 274; 34 Alb. L. J. 348; *Collumb* v.

*Caldwell,* 16 N. Y. 484; *Van Rossum* v. *Walker,* 11 Barb. 237; *Munsell* v. *Neil,* 8 How. [U. S.] 414; *Crook* v. *Rindscopf,* 105 N. Y. 476; *Bagley* v. *Born,* Id. 171.) The plaintiff and Towanda bank assented to the assignment, became parties to it by filing their claims and accepting a dividend, aided and advised carrying it into effect, and cannot now be heard to question its validity. (Bishop on Insol. Corp. 109, § 132; *Hone* v. *Henriquez,* 13 Wend. 240; Burrill on Assignments, 390, § 289; *Fowler* v. *B. S. Bank,* 113 N. Y. 457; *Morris* v. *Rexford,* 18 id. 552; *Bowker* v. *Cox,* 106 id. 555; *Conrow* v. *Little,* 115 id. 387; *Moller* v. *Tuska,* 87 id. 166; *Strong* v. *Strong,* 102 id. 69, 73; *Kennedy* v. *Thorp,* 51 id. 174; *Joslin* v. *Cowe,* 52 id. 90; *Islin* v. *Henlein,* 16 Abb. [N. C.] 73; *Acre* v. *Hotchkiss,* 97 N. Y. 395; *Wright* v. *Van Nostrand,* 94 id. 31–42; *M. Bank* v. *W. R. R. & T. Co.,* 69 id. 373–382; Bump on Fraud. Conv. 457, 460, 461; *Mandeville* v. *Reynolds,* 68 N. Y. 528–531; *Lozier* v. *Westcott,* 26 id. 146; *Leland* v. *Cameron,* 31 id. 115; Laws of 1877, chap. 466; Laws of 1878, chap. 318; *Schiffer* v. *Dietz,* 86 N. Y. 300; *Wells* v. *Monroe,* 43 Barb. 584.)

RUGER, Ch. J. This action is brought for the purpose of vacating a general assignment made for the benefit of creditors. by the defendant Perine to the defendant Parkhurst, upon the ground that the same was made with the intent to hinder, delay and defraud creditors. No claim was made on the argument that the assignment was fraudulent by reason of any special provisions therein; but it was sought to derive a fraudulent intent in making it, from certain transfers of property and mortgages, made by the assignor to some of his creditors immediately preceding the execution of the assignment. It was found by the trial court that each of the transfers and mortgages referred to were respectively made upon a valuable consideration and without intent to hinder, delay or defraud the creditors of the assignor. It was also found, that the assignment was made in good faith and without intent to hinder, delay or defraud creditors. Unless the correctness of these

findings can be successfully impeached by the appellant, the judgment must necessarily be sustained and he, therefore, claims that a legal presumption of an intent to defraud creditors arises out of some transactions surrounding the assignment, and, among others he claims that the giving by the assignor of a certain real estate mortgage to his wife, two days before the execution of the assignment, for $16,600 is evidence of such intent. As bearing upon the question of such intent it may be premised that the mortgagee never asserted any claim under the mortgage and within two months after the assignment was made and more than six months before any question was raised over its validity, the mortgagee voluntarily satisfied it of record, the obligation which it was given to secure having been paid from other sources. Notwithstanding these facts the appellant still insists that it is conclusive evidence of a fraudulent intent in making the assignment. The facts out of which the mortgage grew are wholly undisputed and are substantially as follows: In April, 1883, Mrs. Perine was the owner of paid-up life insurance policies of the value of $16,600. Her husband being desirous of procuring these policies for the purpose of using them as security for contemplated loans to be made to him for use in his business, applied to her for them and she consented to loan them to him for that purpose. Perine, after obtaining the policies, pledged them to Juilliard & Co. to secure loans made to Perine & Co., a firm of which H. W. Perine was a member. In January, 1884, Perine & Co. becoming insolvent and unable to pay their debts in full, made a general assignment for the benefit of their creditors, preferring Juilliard & Co. The amount of that indebtedness was then about $11,000 and the debtor's assets being about $40,000 the payment of the preferred debt might be considered comparatively safe. Before, however, executing his individual assignment Henry W. Perine not being satisfied of the sufficiency of such security and being desirous of fully securing his wife, executed and delivered to her a mortgage on his homestead property and other real estate for $16,600 acknowledging therein an

indebtedness to her of that amount. It was never claimed by Henry W. Perine, or his wife that this mortgage stood as security for any other sum than the obligation of Henry W. Perine to return or pay the value of the insurance policies hereinbefore described, and upon the delivery thereof to Mrs. Perine she executed and delivered to him a defeasance in writing, providing that the mortgage should be canceled and satisfied upon the payment of the actual indebtedness owing by H. W. Perine to her irrespective of the sum mentioned in the mortgage. It also appeared in evidence that immediately after the execution of the assignment the plaintiff was informed of the actual nature of the mortgage and the obligation which it was given to secure. When this mortgage was given Henry W. Perine was under a legal obligation to return the policies of insurance to his wife or pay her the value of them. Perine had already transferred these policies and placed them beyond his reach and they were liable to be lawfully disposed of at any time by their pledgee and pass beyond the power of the owner to recover. Under these circumstances, Perine being about to dispose of all his property, was under a moral obligation to protect his wife. Nothing less than security to her for the full value of the policies would effect this object and what he did was nothing more or less than to give her such security. He was under no legal or moral obligation to any one to require his wife to rely wholly upon the uncertain and doubtful security afforded by Perine & Co.'s assignment, but could if he thought best so dispose of his property as to place her security beyond doubt, provided he took nothing more from his creditors than was necessary to secure his obligation to her. Whatever may have been the form which this transaction assumed it could never have resulted in legal harm to the creditors except by subsequent fraudulent conduct upon the part, not only of the mortgagee and mortgagor, but also of the assignee, and it cannot be presumed, in order to subvert this assignment that such a fraud was contemplated. It is not claimed that any such conduct was attempted and it is found by the trial court that it was not intended by the parties to the

transaction. We think this finding is supported by the evidence and is, therefore, conclusive upon this court as to the fact of the intent.

It is also claimed that another mortgage given by Perine, on the same day to one McCullough, but practically for the benefit of Mrs. Perine, was fraudulent for the alleged reason that it was given for a fictitious debt. The circumstances out of which this liability arose were proved beyond controversy, and were as follows: Previous to 1873, Wm. H. Perine, an unmarried son of Henry W. Perine and his wife, had been engaged in business with his father, and had accumulated some property. In that year, being afflicted with a mortal illness, he summoned his father and mother to his death-bed, and announced to them that he was about to die, and did not desire to make a will, but wished that such property as he owned should be divided equally between his father and mother. His father, in the presence of the mother and son, promised that his wishes should be respected and fulfilled. After his death, a portion of the property was actually divided between the father and mother; but the remainder, amounting to upwards of $7,000, was, with the consent of the mother, continued in the business conducted by the father, and he had the benefit thereof. One-half of this sum formed the consideration of the mortgage in question. We think this furnished a good and valid consideration for the mortgage. The promise of Henry W. Perine, to his son and wife, to pay to her the value of one-half the property left by the son in his possession, constituted a legal obligation against him, which could have been enforced by her in an action for that purpose. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Williams* v. *Fitch*, 18 id. 546.) The voluntary preference of this sum by Henry W. Perine for his wife's benefit did not, of itself, constitute any evidence of fraud.

It is also objected that a mortgage on real estate given by Henry W. Perine, on January 28, 1884, to Moses Davidson, William R. Sutton and Samuel Carnochan, to secure to them $8,063.54, taken in connection with a provision in the assign-

ment preferring the same individuals for such sum as he should be indebted to them, in the absence of any other proof of indebtedness but the mortgage debt, was evidence of a fraudulent intent on the part of the assignor, and it is claimed that the court below erred in not finding such intent. The fact that the assignor was, in good faith, indebted to the mortgagees for the sum in question, is not disputed; but the claim seems to be, that because he did not specify in the assignment, that the indebtedness was also included in the mortgage, that in some way, it furnished evidence of fraud which vitiates the assignment.

It is unnecessary to dispute the claim of the appellant, for, conceding its correctness, it would furnish, at the best, but some evidence of fraud, which has been considered by the trial court and found by it against the plaintiff's contention. It is quite probable that this claim was put in the assignment for the purpose of guarding the mortgagees against any loss from a deficiency arising upon the foreclosure of their mortgage, and it was, we think, entirely proper for the assignor to provide for such a liability. We can see no objection to the finding of the trial court as to the validity of this mortgage or the preference contained in the assignment. The preferees would take no benefit under the assignment without proving the existence of a debt in their favor against their assignor, and they, confessedly, had no other claim except that arising under the mortgage. If they received payment of the debt from the land, they could receive nothing under the assignment, and if they collected the debt from the assigned property, it would leave subject to the provisions of the assignment, an equal amount in value of real estate to be used for the benefit of the other creditors under the assignment.

There is no view of the transaction which furnishes any conclusive evidence of fraud on the part of the assignor.

We have carefully considered the remaining points presented by the brief of the appellant, but are of the opinion that there are no others which require special consideration.

The questions raised in the case are solely those of fact, and

have been conclusively disposed of by the adverse findings of the trial court.

In view of the conclusion reached, it becomes unnecessary to consider the point made by the defendant, that the plaintiff is estopped from assailing the validity of the assignment by reason of his acquiescence in and acceptance of benefits thereunder.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.