Joseph Coleman, Respondent, *v.* Martha R. Hiler, as Administratrix, etc., of Lucy A. Newcomb, Deceased, Appellant.

*Contracts — promise for the benefit of a third person — absence of a trust — privity of contract.*

A third person cannot maintain an action upon a promise alleged to have been made for his benefit, unless there exists a relationship between the beneficiary and promisee or there is a liability in favor of the beneficiary due or to grow due from the promisee.

The owner of valuable real estate, shortly before his death, and with a view to the final disposition of his property, conveyed it to his wife, and she, in consideration of this transfer, promised her husband that, as soon as she realized from sales of the property sufficient money for that purpose, she would pay to a third person $2,000. The wife, having made sufficient sales, and having died without paying said sum, an action was brought against her administratrix by

such third person to recover it, in which it was not found that the grantor in said conveyance was at any time indebted to such third person.

*Held,* that the plaintiff could not recover.

Upon such a state of facts no trust is created in favor of the third person.

The privity of contract required under the rule laid down in *Lawrence* v. *Fox* (20 N. Y. 268), and analogous cases, discussed.

APPEAL by the defendant, Martha R. Hiler, as administratrix, etc., of Lucy A. Newcomb, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 19th day of September, 1894, upon the report of a referee.

*Wm. A. Sutherland,* for the appellant.

*Henry W. Conklin,* for the respondent.

LEWIS, J.:

The referee found as facts that for many years prior to July, 1887, one Jerome B. Newcomb lived in the city of Rochester, on a farm which he owned and cultivated; for many years the plaintiff had lived in the same neighborhood with Newcomb and was on very intimate relations with him, worked for him upon his farm, was at one time a member of his family, and had rendered him many services of a friendly and neighborly nature, and Newcomb had frequently expressed an affection for and feeling of gratitude to the plaintiff.

Newcomb died in July, 1887. He left no living descendants. On the 29th day of June, 1887, Newcomb being ill transferred and conveyed his farm, worth about $50,000, to his wife, Lucy A. Newcomb. The transfer was made and intended as a final disposition of his property in view of death which he felt was approaching. Prior to said conveyance an understanding was had between Mr. Newcomb and his wife that the land should be conveyed to her and that in consideration thereof she would pay, as soon as she realized sufficient money from sales of the property, certain sums of money to certain persons; among others, that she would pay to the plaintiff $2,000, which sum Mrs. Newcomb undertook and agreed, in consideration of said conveyance pursuant to such arrangement, to pay to the plaintiff as soon as she should sell a sufficient amount of

the real estate to be in funds for that purpose; thereafter, and on or about July 31, 1890, she did sell and convey about twenty-three acres of the land for the consideration of $23,000. Mrs. Newcomb died August 31, 1890, intestate, without performing the agreement to pay the money to the plaintiff.

The defendant was duly appointed administratrix of her estate. In the course of her administration she caused to be published a notice to the creditors of Lucy A. Newcomb to present their claims on or before April 20, 1891. The plaintiff did not present his claim until August 6, 1891. The defendant denied its validity and refused to pay it.

From these facts the referee found as a conclusion of law that the plaintiff was entitled to recover of the defendant, as administratrix, the sum of $2,000, with interest thereon from August 6, 1891. The referee did not find that Mr. Newcomb was, at the time of the agreement mentioned, or at the time of the conveyance of the property to his wife, or at any time thereafter, indebted to the plaintiff in any sum whatever. The evidence would not have warranted any such finding. It was made to appear quite clearly to the contrary.

It is not claimed that a trust was created in favor of the plaintiff by the agreement between Mr. and Mrs. Newcomb, for in an action heretofore tried between these same parties it was adjudicated that no trust was in fact established in plaintiff's favor; so the question is presented, can a promise made upon a good consideration as between the promisor and promisee for the benefit of a third person who is an entire stranger to the consideration, and to whom the promisee was in no manner indebted, be enforced by the third party against the promisor? The learned referee has held that such a promise can be enforced. This question has afforded a fruitful subject for the consideration of the courts of this country and England and text writers, and it may be difficult to reconcile all of the decisions. Remarks may be found in many of the cases and in the text books sustaining the rule contended for by the respondent, but where such promises have been enforced there will be found, with perhaps here and there an exception, some especial reason for taking the case out of the general rule that an action upon a contract can be maintained only where there is privity of contract between

the parties. If the promise be exacted for the purpose of paying a pecuniary obligation which the promisee is under to the person for whose benefit the promise is made, or the latter has a claim upon the promisee arising out of relationship, there are many cases holding that the agreement may be enforced.

In the much-quoted and leading case of *Lawrence* v. *Fox* (20 N. Y. 268) the promisee owed the debt which the promisor agreed to pay, and the promisee placed in the hands of the promisor the funds with which to pay it.

It was held in *Burr* v. *Beers* (24 N. Y. 178) that a mortgagee may maintain a personal action against the grantee of the mortgaged premises where the conveyance to the grantee contained a recital and covenant that it was subject to two mortgages which were deemed and taken as part of the consideration of the conveyance and which the grantee assumed to pay. The decision was put upon the ground that the undertaking of the grantee to pay off the incumbrance was a collateral security acquired by the mortgagor which inured by equitable subrogation to the benefit of the mortgagee, and upon the further ground that the statute relating to foreclosures provided that if a mortgage debt be secured by the obligation or other evidence of debt executed by any other person beside the mortgagor, such person may be made a defendant and decreed to pay the deficiency.

*Schemerhorn* v. *Vanderheyden* (1 Johns. 139) is relied upon as sustaining the plaintiff's contention. The general doctrine contended for by plaintiff is stated in the opinion. The defendant applied to Schemerhorn to assign to him his personal property.

Schemerhorn consented upon condition that the defendant would purchase a desk for the plaintiff's wife, who was the daughter of John Schemerhorn and a sister of the defendant. Plaintiff recovered in Justice's Court, and the judgment was reversed upon appeal because of the admission of parol evidence as to the agreement to furnish the desk, which agreement was not mentioned in the written assignment.

*Coster* v. *Mayor of Albany* (43 N. Y. 399) is easily distinguishable from the case at bar. So is *Smith* v. *Perine* (121 N. Y. 376).

In *Todd* v. *Weber et al.* (95 N. Y. 181) the defendant's testator was the father of the plaintiff, though not the husband of her

mother. He promised various persons, relatives of the plaintiff, that if they would care for and educate her he would pay therefor by making due provision for her in his last will. Relying on this promise they maintained and educated the plaintiff until the death of the testator. He died without making any provision for the plaintiff by will or otherwise. The plaintiff was informed by her relatives of this promise of the testator, and, with that knowledge, and in reliance upon said promise, assured them at different times, both before and after she arrived at her majority, that she would pay them for what they did for her when able. There was the natural obligation which the father owed to the child which furnished the consideration for the agreement.

*Linneman* v. *Moross* (98 Mich. 178) is an authority for the appellant's contention. This case is also reported in 39 Am. St. Rep. 528, and in a marginal note many cases bearing upon the question are collected.

The Supreme Court of the State of Minnesota, in *Jefferson* v. *Asch* (53 Minn. 446), held to the same effect. This case is also reported in 25 L. R. A. 257, where can be found an instructive collection of authorities in a note to the case.

This is also the doctrine of the Massachusetts courts. See American notes to English Ruling Cases (Vol. 1, p. 705). The question is considered in an article published in 13 Alb. L. J. 362.

The latest decision upon this question in our Court of Appeals is *Townsend* v. *Rackham* (143 N. Y. 516). It is the contention of the respondent's counsel that the question before us was not involved in that case. Whether that be so or not, there can be no doubt that the statement of the law in the opinion of the court fully covers the question before us.

Judge PECKHAM, in his opinion, says: "The doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) and the subsequent cases, can furnish no ground for sustaining the right of the plaintiffs to maintain this action. In none of them is there an intimation that the action could be sustained by the third person, in the absence of any liability in his favor due or to grow due from the one to whom the promise was made."

In *Gifford* v. *Corrigan* (117 N. Y. 257) Judge FINCH reviews the subject and cites the various authorities and states the grounds upon

which the liability has been placed. To maintain the action by the third person there must be this liability to him on the part of the promisee.

There being, as we have stated, an entire absence of any evidence tending to show that Mr. Newcomb was indebted to the plaintiff, or that he was under any obligation to provide for him, he failed to make a case entitling him to recover.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., concurred; BRADLEY, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.