BUFFALO CEMENT COMPANY (LIMITED), Plaintiff, *v.* PLINY B. McNAUGHTON, Impleaded with WILLIAM A. GREEN and Others, Defendants.

*Municipal corporation — bond requiring a contractor to pay laborers and material-men — when they cannot sue upon it — promise for the benefit of a third person.*

A city may, for the purpose of protecting its property and in the transaction of business of a private character, avail itself of all the rights and remedies afforded to an individual, and where its charter provides that the city may enact such ordinances as it deems expedient for the protection of its property, it may, through its common council, require any person entering into a contract with it, which involves the use of labor and materials, to give, in addition to the usual bond, a further bond, conditioned that the contractor shall pay for all labor and materials used in the performance of the contract. The effect of such a bond is to protect the city against any annoyance or expense which might result from the filing of notices of lien upon the fund in its hands by laborers or by materialmen.

Where, however, such a bond contains a further condition that if the contractor shall fail to pay all laborers and all materialmen, they, and each of them, may sue upon the instrument in their own names to recover the indebtedness to them in the same manner as if they, and each of them, had been parties named in the bond, there can be no recovery upon the bond by a materialman in the absence of proof that he knew of the resolutions of the common council in regard to the bond and its provisions, and that he furnished the material to the contractor relying upon the bond.

Where there is a failure of such proof, there is nothing before the court but a promise made to the city by the contractor and his sureties, in an instrument to which the materialman was not a party and where there was no privity between him and the city — unattended by anything to show that the city would suffer any damage by the failure of the contractor to pay him.

An action cannot be maintained by a third person, in the absence of any liability in his favor due or to grow due from the promisee.

MOTION by the plaintiff the Buffalo Cement Company, Limited, for a new trial on a case containing exceptions, ordered to be heard

at the General Term in the first instance upon a nonsuit granted after a trial at the Erie Circuit on the 24th day of September, 1894.

*George C. Miller*, for the plaintiff.

*William B. Hoyt* and *Frank H. Callan*, for the defendants.

LEWIS, J. :

The defendant William A. Green, by a written contract with the city of Buffalo, dated June 18, 1892, agreed to construct a sewer in Bailey avenue, in said city, for which the city agreed to pay him $125,707 in semi-monthly payments as the work progressed.

Concurrently with the execution of this contract a bond was executed by the contractor, Green, as principal, and the defendants McNaughton, Ackley and one Rayner, as sureties, to the city of Buffalo. It was in the usual form under seal, and was in the penal sum of $62,864. It was recited therein that,

" Whereas, the above-bounden W. A. Green, by an instrument in writing, under his hand and seal, bearing even date with these presents, —— contract with the city of Buffalo to furnish all the material and labor, excavate for, build, construct, and in all respects complete on or before the first day of January, 1893, in the manner, on the conditions, and for the consideration in the annexed and preceding contract mentioned and contained, constructing a four-foot brick sewer.   *   *   *

" Now therefore, the conditions of the above obligations are such that if the above-bounden W. A. Green shall well and truly, and in good and sufficient and workmanlike manner perform the work mentioned in the aforesaid agreement, in accordance with the terms and conditions therein stipulated, and in each and every respect comply with the conditions therein contained, and shall well and truly pay, or cause to be paid in full, the wages stipulated and agreed to be paid to each and every person employed by him to perform any labor or services,   *   *   *   in the doing of the work above mentioned, as specified in the agreement or contract between W. A. Green and the city of Buffalo,   *   *   *   and shall pay, when the same shall become due, the price of all materials provided or used in the performance of said work, pursuant to the provisions of a resolution of the common council of the city of Buffalo, adopted the

31st day of March, 1869, and shall in all things faithfully perform on his part the terms and conditions of said contract or agreement, then this obligation shall cease, otherwise to be and remain in full force and virtue.    *    *    *    And in case the said W. A. Green shall fail to pay to each and every of the persons employed to perform labor or services aforesaid, or to whom anything shall be due for material provided or used in the performance of said work, as hereinabove provided, then each and every of said persons to whom the aforesaid W. A. Green shall be then indebted, may bring an action on this instrument in his or her name, for the recovery of the amount of such indebtedness, in the same manner as if such person was a party named in this instrument."

The following is the resolution of the common council referred to in said bond :

"*Resolved*, That the common council hereafter will require any person entering into any contract with the city of Buffalo, which requires the employment of labor and use of material, to give, in addition to the usual bond for the faithful performance of the contract, a bond with sufficient sureties, conditioned that said contractor shall pay for all labor and material used in the performance of said contract, and that all advertisements for proposals shall state that such bond will be required."

, In 1892 the common council of the city adopted another resolution, which became section 11 of chapter 3 of the ordinances of the city, and is as follows :

"All bonds given for the complete performance of any contract with the city shall contain a clause that the person performing said contract will pay every person who shall furnish supplies or material for use in and for the completion of said contract, and every person who shall render services in and about the performance of said contract, and also a further clause authorizing each and every such person to bring an action upon such bond, in the same manner and with the same effect as if he were specifically named in the bond."

This latter resolution was in force at the time of the execution of the contract and bond.

After the giving of the bond, and between the 30th day of July, 1892, and October 31, 1893, the plaintiff furnished to the contractor,

Green, a large quantity of cement, which was used by him in the construction of the sewer.

This action was brought against the defendant Green, as principal, and the sureties upon the bond, to recover a balance of $1,983.45, due from Green to the plaintiff on account of the cement furnished, as aforesaid. The sewer had been completed, and the city had paid Green in full therefor, prior to the commencement of this action.

The defendants McNaughton and Ackley interposed answers, and at the close of the plaintiff's evidence, upon motion of the said defendants' counsel, the plaintiff was nonsuited. The exceptions were directed to be heard in the first instance at the General Term.

Upon what ground the nonsuit was placed does not appear from the case.

We assume in deciding this case that the city had the power to adopt the resolutions mentioned, and to require for its own protection, as a condition of awarding the contract to Green, that he should furnish a bond like the one in question, with the exception, perhaps, of the provision as to the right of the materialmen to maintain actions thereunder. The city had the power to require such a bond to protect itself against any annoyance or expense which might result from the filing of notices of liens upon the fund by laborers employed upon the work, or by persons who might furnish materials to be used in constructing the sewer.

The charter provides that the city may enact such ordinances as it deems expedient for the protection of its property, the exercise of its corporate powers and the performance of its corporate duties. (Laws of 1891, chap. 105, § 17, subd. 11.)

A city may, for the purpose of protecting its property, and in general in transacting business of a private character, avail itself of all the rights and remedies afforded to an individual. (*City of Buffalo* v. *Bettinger*, 76 N. Y. 393.)

There cannot be any reasonable doubt that this bond, so far as it directly or indirectly tended to the benefit or protection of the city, was binding upon the sureties.

The serious question is, was it for the indemnity of the city alone, and taken solely for its protection and benefit? If so, the plaintiff is not entitled to avail itself of its provisions. The conditions of

FIFTH DEPARTMENT, OCTOBER TERM, 1895.        [Vol. 90.

the bond are very broad. The sureties, in terms, covenant that Green shall pay for all materials which he shall purchase and use about the work, and that in case he fails so to do, the materialmen may bring an action on the bond in their own names to recover for their materials.

Had it been made to appear upon the trial that the plaintiff, when it furnished the cement to Green, knew of the resolutions of the common council mentioned, and of the bond and its provisions, and that it furnished the materials to Green relying upon the bond, a different question might be presented. The plaintiff might then urge, with much force, that the bond constituted a kind of open letter of credit, upon the strength of which it had furnished the cement to Green.

Had these facts appeared, it might well be urged that the sureties should be estopped from raising the question as to their liability to the plaintiff. (*Union Bank* v. *Coster*, 3 N. Y. 203; *Sawyer* v. *Hopgood*, 13 N. Y. St. Repr. 711.)

But no such question arises here, for the reason that such a claim was not made in the plaintiff's complaint, nor was there evidence tending to establish such facts, and the claim was not urged before us upon the argument.

If the city had been under any legal obligation to the plaintiff because of its having furnished the cement to Green to be used in constructing the sewer, then the plaintiff could invoke in its behalf the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268). But, as we have seen, no such claim could be made by the plaintiff. The plaintiff is obliged to rely upon a simple promise made to the city by the defendants in an instrument to which the plaintiff was not a party, there being no privity between the plaintiff and the promisee in the bond, and there being an absence of anything showing that the city could suffer any damage by the failure of Green to pay the plaintiff for the cement.

We held in *Coleman* v. *Hiler* (85 Hun, 547) that to enforce such a promise the promisee must have been under some obligation to the person for whose benefit the promise was made.

It was held in *Townsend* v. *Rackham* (143 N. Y. 516) that such an action could not be maintained " by the third person in the absence of any liability in his favor, due or to grow due from the

one to whom the promise was made." And such is the doctrine of *Gifford* v. *Corrigan* (117 N. Y. 257); *Vrooman* v. *Turner* (69 id. 280), and *French* v. *Vix* (143 id. 90).

In some of the States of the Union statutes have been passed giving a cause of action in favor of materialmen in such a case as this. A like provision may be found in certain city charters. But these statutes will be found to contain provisions looking to the protection of the sureties in some instances by a short Statute of Limitations.

The plaintiff is not aided by any such provision, either in our city charter or by any statute in our State. If the plaintiff is entitled to recover in this case, the bond being a sealed instrument, it would seem to follow that the twenty years' Statute of Limitations applies. If so, it would follow that the plaintiff, or any others who may have furnished material or labor upon the sewer, could at any time during that period maintain actions against the sureties to recover anything due them from the contractor. Such actions might have been brought before the completion of the sewer, and the penalty named in the bond exhausted, and the city thereby deprived of the protection which the bond was intended to give to it. We are of the opinion that the plaintiff failed to make a case entitling it to recover, and that a nonsuit was properly directed.

The motion for a new trial should be denied and judgment directed for the defendants upon the nonsuit.

BRADLEY and WARD, JJ., concurred; DWIGHT, P. J., not voting.

Motion for new trial denied and judgment directed for the defendants on the nonsuit.