214, 22 N. E. 933. And, as it is the duty of this court to give to the will the construction which presumes that the testator intended to dispose of his entire property (Clark v. Cammann, 160 N. Y. 315, 324, 54 N. E. 709), we have arrived at the conclusion that the executors should be directed to give this effect to the will.

The judgment appealed from should be modified in accordance with this opinion, and, as so modified, should be affirmed; costs to all parties payable out of the estate. All concur, except BARTLETT, J., who was absent.

---

## MACE v. LOCKWOOD et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

GIFTS—RESERVATION IN DEED—PRIORITY OF LIENS.

A father conveyed real estate to one of his grandsons, the deed requiring the grantee to pay a certain sum to a daughter of the grantor, who was an adult, and married, which was made a lien on the land. The deed was recorded, and the father gave a copy of the part containing the reservation to the daughter, and stated that he had made a reservation for her. Afterwards the father made a quitclaim deed to the grandson, releasing him from the payment of the money to the daughter, and requiring it to be paid to himself. The grandson mortgaged the land to obtain money to pay the father. *Held*, that the interest of the daughter in the real estate was superior to that of the mortgage, as the reservation to her was a valid gift, which the father could not revoke.

Parker, P. J., and Herrick, J., dissenting.

Appeal from special term, Albany county.

Suit by J. Austin Mace against Esther J. Lockwood and others to foreclose a mortgage. From a decree in favor of the defendants, plaintiff appeals. Affirmed.

This action is brought by the plaintiff to foreclose a mortgage executed by the defendants Thayer to one Winters, plaintiff's assignor, to secure payment of the sum of $1,000, with interest. The defendant Lockwood claims a lien upon the land prior to the plaintiff's lien, arising under a deed by which the defendants Thayer originally obtained title to the land. This deed was executed by Samuel Green, the grandfather of the defendants Thayer, who was also father of the defendant Lockwood, upon the 15th day of November, 1880. The consideration expressed in the deed was $850, to be "paid in the manner hereinafter provided." Under the deed a life estate was reserved in Samuel Green. The deed then provided: "The said Amasa and Samuel Thayer, their heirs and assigns, shall, within six months after the death of the said Samuel Green, pay to his daughter, Esther J. Lockwood, wife of Horace Lockwood, the sum of $850, the above-named consideration for the premises herein described; and it is further provided and intended that the above-described premises are conveyed on the condition that the said sum of $850 shall be and continue a lien upon said premises until paid." On the same day, Samuel Green and wife executed another deed to two other grandsons, conveying different premises, the consideration being $650. This deed also contained the same conditions as above recited, except $650 is used instead of $850. Samuel Green retained these deeds in his possession until in or about the month of March, 1882, when they were delivered to the grantees, and were by them recorded. At the time of the delivery of these deeds to the grantees, Samuel Green delivered to the defendant Lockwood a paper which had upon it that part of the deed containing a description of the premises conveyed, and the condition that Samuel Green was to hold a life estate, and the further condition in favor of the defendant Lockwood which is above

quoted. At that time, addressing the defendant Lockwood's husband and herself, after having handed the paper to the defendant's husband, he said: " 'I have deeded two places away, and have made a reservation in those two places for you. Here is a copy. Take it, and retain it.' * * * I told him that it was not a full and complete copy. He said it contained the contents of what it was intended for. The deed would show the rest, which was on record." Thereafter Samuel Green executed a quitclaim deed to the defendants Thayer, by the terms of which he exonerated said defendants from the payment of these moneys to Esther Lockwood, and required the payment of the moneys to himself. In order to raise these moneys to pay to said Green, the defendants Thayer made the mortgage to the plaintiff's assignor which is here sought to be foreclosed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

P. C. Dugan, for appellant.

L. H. Bevans, for respondent.

SMITH, J. The answer to a single question will determine this appeal. After having made and delivered the deed to the defendants Thayer with the reservation in behalf of the defendant Lockwood, was Samuel Green authorized to revoke the same? The referee has found that Samuel Green at the time intended to make an absolute gift to the defendant Lockwood, and did not intend to make a testamentary disposition which was to be revocable. This finding is, we think, based upon abundant evidence, and, if the question involved be one of fact, the appeal must fail. The appellant, however, urges first that there is no privity between Samuel Green and the defendant Lockwood, without which no right is given to the defendant Lockwood. If the fact assumed be true, the legal conclusion must follow. Authorities are abundant in support of the contention that, to give a right of action to the beneficiary in whose behalf, as a third party, the promise is made, there must be privity between the promisee and the third person. In the case at bar there was no debt owing by Green to Mrs. Lockwood. While she was his daughter, she was of age, and married, and was not dependent upon him for support. Without an indebtedness of the promisee to the beneficiary, and with no obligation to support her, she is driven to the position that there was a complete executed gift to her of this indebtedness, in which case the necessary privity is by law deemed to exist. Fulton v. Fulton, 48 Barb. 581. If, therefore, there can be found the elements of a complete gift to the defendant Lockwood of the obligation of the defendants Thayer, such gift was irrevocable, and the attempt by Samuel Green thereafter to revoke the same was futile. The authorities are numerous as to what constitutes a valid gift inter vivos. It is settled that that cannot be created by mere words. There must be some form of delivery. It is equally well settled, however, that there is no property, real or personal, which cannot be the subject of a gift. If, therefore, a party in attempting to make a gift has done all that can be done, it would seem that the gift should be deemed completed. In the case at bar, Samuel Green, by his own deed, made the obligation of the defendants Thayer payable to the defendant Lockwood. More fully to secure the same, he made the obligation a lien upon the land until

it was paid. He made a copy of that part of the deed by which the benefit was reserved to the defendant Lockwood, and delivered it to her with the declaration of what he had done in her behalf. This was, by the defendant Lockwood, accepted. What more, then, could he have done to make complete that gift? He could not deliver the deed, because the deed belonged to the grantee. He could not have assigned the debt to her, because by his own grant he had made the debt hers in so many words. No paper expressing his intention could be stronger than the words of the grant itself, together with the delivery of a copy to her, and her acceptance thereof. It would seem, therefore, upon principle, that Samuel Green completed a valid gift to the defendant Lockwood, which was irrevocable. These conclusions are not without authority. In Fulton v. Fulton, 48 Barb. 581, one Fulton made an agreement with his two daughters for the sale of real and personal property. The consideration to be paid was five promissory notes, each for the sum of $500, payable to the three sons and two daughters of Fulton at the decease of his wife. These notes were afterwards canceled, and Fulton caused the makers to execute new notes in renewal, and signed a paper that he intended the new notes should be considered by his children in full of their shares in his property which he had, or ever had had. It was there held that the transaction transferred the legal title of the debts represented in the notes. In the opinion of Gilbert, J., in that case, an extract from Lord Justice Knight Bruce in Kekewich v. Manning, 1 De Gex, M. & G. 187, is quoted:

"It is, upon legal and equitable principle, clear that a person sui juris, acting freely, fairly, and with sufficient knowledge, ought to have and has it in his power to make, in a binding and effectual manner, a voluntary gift of any of his property, whether capable or incapable of manual delivery, whether in possession or reversionary, or howsoever circumstanced." The opinion again reads: "The intestate caused the notes to be made payable to his children, who are named therein as payees, respectively. This transferred the legal title of the debts represented in the notes; and, with the accompanying declaration contained in the agreement and paper aforesaid, furnishes satisfactory evidence that there was a delivery of them to the payees, and that the possession of them afterwards by the intestate was as trustee for them." Again: "It is only when something remains to be done by or in behalf of the donor which is not done before his death that the gift fails to take effect." Again: "Delivery, in this as in every other case, must be according to the nature of the thing. It may be constructive. It must be an actual delivery so far as the subject is capable of delivery. It must be secundum subjectam materiam, and be the true and effectual way of obtaining the command and dominion of the subject."

Further, some support for the respondents' contention would seem to be found in the case of Williams v. Fitch, 18 N. Y. 546, where the trustee of a fund prevented the making of a will, and promised to hold the property for the intended beneficiary and it was held that that beneficiary might sue for the fund as for moneys had and received. In Smith v. Perine, 121 N. Y. 384, 24 N. E. 804, where a son, upon his deathbed, said that he did not desire to make a will, but wished that his property, which was in the charge of his father, should be equally divided between the father and the mother, to which the father agreed, it was held that after his death the mother might recover her share of the property from the father. Nor do

the authorities cited by the appellant hold a different rule. In Townsand v. Rackham, 143 N. Y. 516, 38 N. E. 731, the beneficiaries did not assent to, or even know of, the gift before its revocation. That a gift, to be complete, must be accepted, is unquestioned law. In Guy v. Langdon, 84 Hun, 219, 32 N. Y. Supp. 531, the title of the property did not pass from the grantor. There was merely an agreement to transfer, and an agreement by the other party to the contract to give to the sister, which was not accepted by the sister, and hence there was no valid gift. In Kelsey v. Cooley (Sup.) 11 N. Y. Supp. 745, no notice was given to the beneficiary of the provision in his favor, and the mortgage remained in the hands of the grantor, and was not delivered to the beneficiary. The cases cited by the appellant to show that there must be privity in order to authorize a recovery are unquestioned. No case is cited, however, which holds that such privity does not exist where there has been a complete executed gift of the debt. We conclude, therefore, that the gift to the defendant Lockwood, having been completed, was irrevocable, and the case was properly decided by the referee.

Judgment affirmed, with costs. All concur, except PARKER, P. J., and HERRICK, J., dissenting.