Newman, J.
It is to be observed that plaintiff, The Cleveland Metal Roofing & Ceiling Company, is not named in the.bond, under the provisions of which it claims its right of recovery against the defendants, George Meier and Catherine Gaspard, the sureties. The obligee named in the bond is the F. Zimmerman Realty Company. The bond recites the fact that the defendant, Nick J. Gaspard, on the 17th day of August, 1909, entered into a written agreement with the F. Zimmerman Realty Company to provide all the materials and perform all the work for the erection and completion of the carpenter work, wooden framing, frames, sash, doors, finish, flooring, roofing', sheet-metal work, marble and mosaic, mantel and tile work, glass and glazing, rough and finished hardware for the apartment building. A personal bond was, by agreement, accepted in Her *190 of a surety bond. It is conditioned that' the defendant, Nick J. Gaspard, shall well and truly perform all the terms and conditions contained in his agreement with the F. Zimmerman Realty Company and complete said work as therein provided and pay or cause to be paid all claims contracted in reference thereto for material and labor. The bond was executed on the 1st day of September, .1909. The contracts, under which plaintiff performed labor and furnished material for Nick J. Gaspard, were entered into subsequently thereto, namely, on November 10, 1909, April 28, 1910, and May 16, 1910, respectively. There is no allegation in the petition that plaintiff had knowledge of the existence of this bond at the time it entered into the several contracts with Nick J. Gaspard, or at the times it furnished the labor and material thereunder, or that it relied upon the provisions of the bond for the payment of its claims against Nick J. Gaspard. Plaintiff, so far as the petition discloses, at the time the bond was executed, was unknown to the parties .to the instrument and had no claim of any kind against Nick J. Gaspard.
The question presented by the demurrer is whether plaintiff has a right of action against the sureties on the bond. It is urged that, under the settled law of this state that an agreement made on a valid consideration by one person with another, to pay money to a third, is enforcible by the latter in his own name, the right to proceed against the sureties on this bond exists in favor of the plaintiff.
An examination of the Ohio cases in which this rule is announced and approved will disclose the *191 fact that in those cases there was an actual and fixed liability on the part of the promisee to such third person at the time the promise was made by the obligor, and the amount for which the obligation was made was either specified or then ascertainable. In the case of Crumbaugh v. Kugler, 3 Ohio St., 544, the grantor conveyed to the grantees certain lands, part of the consideration being an agreement by the grantees to pay the debts due by the grantor, and the debts were in existence and ascertainable at the time of the transfer. Thompson v. Thompson, 4 Ohio St., 333, was a case where the purchaser of real estate agreed to pay an existing mortgage indebtedness; in Bagaley & Co. v. Waters, 7 Ohio St., 359, where Crumbaugh v. Kugler and Thompson v. Thompson, supra, are approved, the purchaser of real estate agreed to assume and pay certain debts existing at the time.
In the well-known case of Emmitt v. Brophy, 42 Ohio St., 82, the court, in commenting upon the bond there under consideration, refers to the fact that, by its express provisions, Emmitt, the obligor, agreed to “pay off and liquidate all claims and demands, liens and debts, whether in judgment or otherwise, existing against said bridge.” At the time the bond was executed, Brophy and Potter had reduced to judgment their claims against the Scioto Bridge Company, the former owner of the bridge, and caused an execution to be levied on the bridge. This levy was subsisting and in full force at the time the bridge was sold to the commissioners of the county. The bond in *192 question was given to the state of Ohio, as nominal obligee, for the use and benefit of Pike county, by Emmitt, who had owned a controlling interest in the bridge company and who received the entire purchase price of the bridge. “These facts,” the court say, “are strongly suggestive that it entered into the contemplation of the parties to this bond at the ;time of its execution, that this particular lien of the plaintiffs upon the bridge was to be discharged by Emmitt. Its existence was known to them, and they seem to have left nothing to conjecture. Indeed, if Brophy and Potter had been expressly named as the lien holders, it is difficult to see how this would have added to the definiteness of the bond, or made more certain the intention of the parties. This seems to be a conclusive answer to the suggestion that there is a want of privity between the immediate parties to the bond and the plaintiffs, which is chiefly relied upon by Emmitt as a defense.”
Judge Spear, in the well-considered case of C. H. & D. Rd. Co. v. Bank, 54 Ohio St., 60, discusses the rule under which plaintiff here is claiming its right to recover, cites the case of Emmitt v. Brophy, supra, with approval, and refers to the language of the court in that case which we have quoted above. The learned jurist calls attention to the fact that none of the cases announcing the rule carries the doctrine farther than it is carried in the Emmitt case, and then uses this language: “In no one' of them is it held that a right to sue in a stranger can be raised by mere implication. Nowhere is it held that the obligation will attach in favor of future' creditors not named and not *193 known, and as to amounts not specified or then ascertainable, to the extent of giving to such creditors a right of action on the contract.”
We concur in the view thus expressed by Judge Spear, and this limitation or qualification of the rule, we think, precludes a right of recovery in favor of plaintiff against the sureties on the bond here, for, at the time of the execution of the bond, plaintiff was not named or known, and, of course, the amount claimed in his petition to be due could not be specified and was not ascertainable.
The deduction to be drawn from the cases to which we have called attention, and from the great majority of the decisions of the courts of other states which give sanction to the rule under consideration here, is that in order that the third person derive a benefit from the promise of the obligor to another person, it must appear that the contract was made and entered into directly or primarily for the benefit of such third person, and that there was a liability to such third person, on the part of the promisee, at the time of the exe- , cution of the contract. To illustrate, in Emmitt v. Brophy, supra, it was clearly the intention of the parties to the bond that the judgment creditors who held a lien on the bridge were to be directly benefited by the bond. And further there was a liability on the part of the purchasers of the bridge to discharge this judgment lien.
As we view the provisions of the bond under consideration here, the same were primarily for the benefit of the owner of the building. It was a guarantee on the part of the obligors, among other things, of the payment of claims for mate *194 rial and labor required in the erection of the building, and was available to the owner alone upon a showing that it had been required to pay these claims or had suffered loss on account of their ^nonpayment. And, again, it does not appear that there was any liability on the part of the owner to pay any claim for material and labor furnished by plaintiff, or that any liability might arise against it in favor of plaintiff. The bond was conditioned not only for the payment of claims for material and labor, but also for the completion of the work comprehended in the contract between the owner of the building and Nick J. Gaspard. So far as the petition discloses, the owner of the building may have paid to Nick J. Gaspard, prior to the time the contracts between him and plaintiff were entered into, all that was due him under it, the owner’s contract, and, in that event, plaintiff would have no claim against the building or its owner. It is true that, under the lien laws of this state, plaintiff could have asserted a claim to any funds in the hands of the owner due and owing to Nick J. Gaspard, and it might occur to one that the presumption is that plaintiff, with knowledge of the existence of the bond, proceeded upon the theory that it was amply protected thereby and that it was unnecessary to avail itself of the provisions of the lien law. But it must be borne in mind that this is an action against personal sureties on a bond, and there should be a strict interpretation of their obligations. Their liability is limited to the exact letter of the bond, and presumptions cannot be indulged in to’aid plaintiff in enforcing a liability against them.
*195 Recognizing, as we do, the right of a third person to enforce, in his own name, an agreement made by one person with another to pay money to such third person, nevertheless, this rule is subject to the limitations and qualifications we have pointed out, making it inapplicable to the case at bar. We are not disposed to extend the doctrine so as to permit the maintenance of an action by a third person against sureties on a bond, where it does not appear that the bond was entered into directly or primarily for the benefit of such third person, or that there was a fixed or ascertainable liability on the part of the obligee to such third person at the time the bond was executed, or that the services and material were furnished by such third person with knowledge of or reliance on the bond. It does not appear from the petition here ■ — and we are confined to its allegations in passing upon the demurrer — that plaintiff even had knowledge of the existence of the bond when it furnished the labor and material to Nick J. Gaspard, or that it relied thereon. Such matters cannot be read into the petition where the rights of sureties are involved.
To repeat, the bond was for the protection of the owner of the building. To entitle plaintiff to sue on this bond, it is not sufficient that there be a showing that a benefit would have inured to it in the performance of its covenants. The persons who furnished labor or material to Nick J. Gaspard, it is true, were indirectly interested in the performance of the covenants in the bond, but if they can maintain an action against the sureties, then an executory contract, under the terms *196 of which one person agrees with another to advance money to the latter with which to pay his debts, could be enforced by any creditor of the person to whom the promise is made. No one would contend for such a doctrine.
In the case of Vrooman v. Turner, 69 New York, 280, in which case the court reviews a number of New York cases bearing upon the rule being considered here, it was held that a mere stranger cannot claim the benefit of a contract between other parties; to entitle a third person to such benefit there must be either a new consideration or some prior right or claim against one of the contracting parties by which he has a legal interest in the performance of the agreement. In the case at bar, plaintiff, at the time of the execution of the bond, so far as the record discloses, had no right or claim against either of the parties to the bond.
Counsel for plaintiff have cited numerous cases outside of Ohio, which, they insist, support their contention here. In a number of these cases the contracts or bonds under which third persons were claiming are different in form and language from the one here. In other cases the facts disclosed by the record are unlike those presented here. In some it appears that the condition in the bond was inserted for the sole and express purpose of protecting all persons who should do work or furnish material, and that such persons did the work and furnished the material relying upon the provisions of the bond. Cases are cited in which a bond is given to a municipality under a statute for the benefit or security of persons not named as *197 obligees, and where the statute expressly or by implication authorizes such persons to sue upon the bond. These cases are not in point here, and it is unnecessary to make further reference to them.
Our attention is directed to the case of American Surety Co. v. Raeder, Assignee, 15 C. C., 47, affirmed by this court, without opinion, 61 Ohio St., 661. In that case, the bond was given by the contractor to the board of education for the building of a school house, and provided for the payment of all just and legal claims for labor performed and material furnished, and it was expressly provided in the bond that the undertaking should be for the use of any laborer or materialman having a just claim, as well as for the board of education. In that case the main question was whether the bond could be enforced in behalf of the laborers and materialmen. Counsel for the surety company contended that the bond was given solely for the protection of the board of education, and inasmuch as the board was under no legal obligation to pay a claim against the contractor for labor and material furnished, and was in no way indebted to the plaintiff in that case, no cause of action arose on the bond in his favor. The circuit court held that it was quite clear, from an examination of the language of the bond, that the parties intended to give a right of action on the bond for unpaid claims of the class of the plaintiff against the contractor. The absence in the bond here of a provision such as appeared in the bond in that case distinguishes the two cases.
*198 In Buffalo Cement Co. v. McNaughton, 90 Hun., 74 (affirmed on opinion of supreme court, 156 N. Y., 702), the court denied the right of recovery even on a bond with a provision similar to the one in American Surety Co. v. Raeder, Assignee, supra, for the protection of material-men, as it did not appear that they knew of the bond and relied on its provisions when they furnished the material. The court used the following language, which is in point here, and applies with more force for the reason that there is no express provision in the bond giving materialmen the right to bring an action in their own names:
“In some of the states of the Union statutes have been passed giving a cause of action in favor of materialmen in such a case as this. A like provision may be found in certain city charters. But these statutes will be found to contain provisions looking to the protection of the sureties in some instances by a short statute of limitations.
“The plaintiff is not aided by any such provision, either in our city charter or by any statute in our state. If the plaintiff is entitled to recover in this case, the bond being a sealed instrument, it would seem to follow that the twenty years’ statute of limitations applies. If so, it would follow that the plaintiff, or any others who may have furnished material or labor upon the sewer, could at any time during that period maintain actions against the sureties to recover anything due them from the contractor. Such actions might have been brought before the completion of the sewer, and the penalty named in the bond exhausted, and *199 the city thereby deprived of the protection which the bond was intended to give to it.”
For the reasons we have given, plaintiff in error did not, in its petition, state facts entitling it to relief against the sureties on the bond, and the circuit court did not err in affirming-the judgment of the common pleas court on the demurrer to the petition, and the judgment of the circuit court is, therefore, affirmed.

Judgment affirmed.

Shauck, Donahue and Wilkin, JJ., concur.
Nichols, C. J., and Johnson, J., dissent.